**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GREGORY CUMMINGS; TRACEY
CUMMINGS, husband and wife,

    Plaintiffs - Appellants,

v.

GENERAL MOTORS
CORPORATION,

    Defendant - Appellee.

No. 02-6340 and 03-6209

---

ORDER ON APPELLANTS' PETITION FOR REHEARING
AND SUGGESTION OF REHEARING EN BANC
365 F.3d 944

---

Before **KELLY**, **McKAY**, and **HENRY**, Circuit Judges.

---

    This matter is before the court on Appellants' Petition for Rehearing and
Suggestion of Rehearing En Banc. The panel has voted to grant rehearing
pursuant to Federal Rule of Appellate Procedure 40(a)(4)(C) for the limited
purpose of amending the majority opinion so as to be technically accurate with
regard to the standard set forth in the case law. We modify the proposed opinion
by replacing the last sentence in the first paragraph after the heading "Denial of

Rule 60(b) Motion on the Merits" to read as follows:

> The application must be "clearly substantiated by adequate proof,"
> Wilkin, 466 F.2d at 717, and "the challenged behavior must
> *substantially* have interfered with the aggrieved party's ability fully
> and fairly to prepare for and proceed at trial." Woodworker's
> Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th
> Cir. 1999) (internal quotation marks and citations omitted).

This change has no effect on the result in this case given our conclusion that there was no discovery misconduct on General Motors's part–the issue of when a retrial is mandated under Federal Rule of Civil Procedure 60(b)(3) due to discovery misconduct was not reached. In all other respects, the petition for rehearing and suggestion for rehearing en banc is denied. A revised opinion is attached to this order.

Entered for the Court
Patrick Fisher, Clerk


By:
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY CUMMINGS; TRACEY
CUMMINGS, husband and wife,

    Plaintiffs - Appellants,

v.

GENERAL MOTORS
CORPORATION,

    Defendant - Appellee.

No. 02-6340 and 03-6209

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 00-CV-1562-W)**

Richard L. Denney, (Lydia JoAnn Barrett, Denney & Barrett, P.C., Norman,
Oklahoma and Robert R. Robles, Oklahoma City, Oklahoma on the briefs;
Richard J. Goralewicz, Turner, Turner, Goralewicz & Dillingham, Oklahoma
City, Oklahoma, with him on the briefs), for Plaintiffs - Appellants.

Mary Quinn Cooper, (William S. Leach and Andrew L. Richardson, on the brief),
Eldridge, Cooper, Steichen & Leach, P.L.L.C., Tulsa, Oklahoma, for Defendant -
Appellee.

Before **KELLY**, **McKAY**, and **HENRY**, Circuit Judges.

**KELLY**, Circuit Judge.

Gregory and Tracey Cummings brought this suit against General Motors Corporation ("GM") to recover for injuries Mrs. Cummings sustained in an automobile accident involving a 1995 Pontiac Grand Am. The Cummings allege that Mrs. Cummings's injuries resulted from a flawed seat belt system and seat designed by GM, as well as inadequate warnings of the dangers inherent in the product. A jury returned a verdict in favor of GM, and the Cummings appeal, asserting that the court should have directed a verdict in their favor based on the evidence, and that the district court abused its discretion with regard to several discovery rulings. Approximately eight months after the trial, the Cummings filed a motion in the district court for relief under Federal Rule of Civil Procedure 60(b) based on alleged discovery misconduct on GM's part. The district court denied relief, and the Cummings appeal. We have jurisdiction under 28 U.S.C. § 1291 over both appeals and consider them in turn below, affirming in all respects.

Background

Gregory and Tracey Cummings were involved in a car accident on the evening of September 13, 1998 in rural Carter County, Oklahoma. Mr. Cummings was driving a 1995 Pontiac Grand Am with his wife, Tracey, in the front passenger seat. Their children were in the back seat, with the three-month-old in a car seat behind Mrs. Cummings. Mr. Cummings ran a "partially obscured" stop

sign at a T-type intersection and drove off the road, through a ditch, and into a field. I Aplt. App. at 191. Although the other passengers sustained only minor injuries, Mrs. Cummings sustained a compression fracture of the third vertebra resulting in paraplegia. I Aplt. Br. at 12.

The Cummings brought this suit against GM, asserting that Mrs. Cummings sustained such severe injuries as a result of the design of the seat belt and the seat, as well as GM's failure to warn. Prior to trial, the parties engaged in multiple discovery disputes, including disputes over the adequacy of responses to requests for production, expert witness designations, depositions, and electronic discovery. See I Aplt. App. at 17-37. These disputes resulted in three motions to compel by the Cummings and several motions for protective orders by GM. The magistrate judge addressed the majority of these disputes in an order dated June 18, 2002, in which the judge denied Plaintiffs' motions, granted Defendant's motions for protective orders, and granted Defendant's their attorney's fees and costs. Id. The district court reviewed the Plaintiffs' motions de novo and affirmed the magistrate's findings in all respects. Id. at 3.

At trial, GM countered the Cummings' claims with evidence that there was no defect in either the seat, the seat belt system, or the warning. See id. at 714-15, 725, 865, 889-90, 1030-32. GM contended that Mrs. Cummings's injuries resulted not from any defect, but rather from a combination of the forces exerted

on her during the accident and her position and posture at the time of the accident. Although the Cummings offered evidence that Mrs. Cummings had her seat angled back approximately 25 degrees, id. at 157, 524, GM's experts testified that she was most likely reclined at 40-45 degrees at the time of the accident, id. at 689; sitting slouched in the seat, id. at 686-87, 900-02; and/or turned to attend to the children in the back seat, I Aplee. Supp. App. at 316. The Cummings argued that such a conclusion was impossible because there was a rear-facing child safety seat located behind Mrs. Cummings that prevented her from reclining her seat. GM offered evidence that the child seat was actually installed in a forward-facing direction at the time of the accident, thus allowing the front passenger seat to recline.

At the close of all the evidence, out of the presence and hearing of the jury, both the Cummings and GM moved for judgment as a matter of law. I Aplt. App. at 1041-49. GM made its motion first, moving for judgment as a matter of law with regard to all claims, including the alleged defective seat, seat belt, failure to warn, and punitive damages claims. The Cummings responded to GM's contentions, and then the court directed them to make their motion for judgment as a matter of law. Counsel for the Cummings stated:

> Your Honor, I would move for judgment as a matter of law on the foreseeable misuse or the so-called misuse defense. Throughout the trial we have had to listen to [General Motors] accuse Mrs. Cummings of reclining the seat. I don't need to tell Your Honor.

> Your Honor knows foreseeable misuse is not a defense. No one denies that this is foreseeable misuse of a seat. No one denies that they built the capability into the seat to do it. They knew the risk, that they knew people would be injured if they did that. No one whatsoever denies that in this trial. This jury should be instructed that reclining the seat is not a defense, and that if this Defendant built a recliner seat that is dangerous, this Defendant should be held legally responsible for the consequences. That's the law in Oklahoma.

Id. at 1047-48. The court denied both motions.

The jury returned a verdict for GM, finding GM not liable for any design defect or failure to warn. I Aplee. Supp. App. at 324. The Cummings failed to make any motions following the return of the verdict. Id. at 327. The Cummings filed a timely appeal, asserting that (1) they were entitled to judgment as a matter of law with regard to liability, and (2) the trial court abused its discretion in its rulings on various discovery motions.

One month after the verdict, and after filing the appeal, the Cummings discovered six videos of child safety seat acceleration tests conducted by GM and produced by GM in an unrelated trial. The videos show tests by GM involving child-sized dummies in forward-facing child car seats placed in the back seat. In the videos, the children are thrown from the car seat during various accident simulations. The Cummings argue the tests fall within their prior requests for production and would have demonstrated that it was impossible for Mrs. Cummings to have her seat fully reclined at the time of the accident, as their child

would have been injured had the child been in a forward-facing child restraint.

The Cummings did not immediately move for relief upon discovery of the videos. Instead, they waited seven months to file a motion for relief under Federal Rule of Civil Procedure 60(b). The district court, finding the motion both untimely and lacking in support, denied the motion, and the Cummings appeal. The appeals have been consolidated and are addressed jointly below.

## Discussion

### A. Preserving Appellate Review of Sufficiency of the Evidence

The Cummings assert the trial court erred in not granting judgment in their favor, arguing that the "[e]vidence of defect and causation presented at trial entitled [them] to judgment as a matter of law." I Aplt. Br. at 26. GM contends that the Cummings have failed to preserve this issue for appeal, stating (1) the Cummings moved for judgment as a matter of law at the close of evidence only on the defense of product misuse and not on liability generally, and (2) the Cummings failed to renew their motion for judgment as a matter of law after the verdict. I Aplee. Br. at 5, 6.

A party challenging the sufficiency of the evidence during a civil trial must make a motion for judgment as a matter of law before the case is submitted to the jury, in accordance with Federal Rule of Civil Procedure 50(a). "If, for any

reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). If the court denies the motion and submits the case to the jury, the party may nevertheless renew its motion after the verdict if the jury finds for the opposing party or fails to reach a verdict. Id.

Because a motion for judgment as a matter of law at the close of evidence and following a verdict are closely intertwined, we consider both in turn. A motion for judgment as a matter of law at the close of the evidence, formerly referred to as a motion for a directed verdict, serves several purposes. Anderson v. United Tel. Co. of Kan., 933 F.2d 1500, 1503 (10th Cir. 1991) (collecting cases). A motion under Rule 50(a) protects the Seventh Amendment right to trial by jury. Such a motion alerts the opposing party to any deficiencies in the case, thereby giving the party an opportunity to rectify any deficiencies prior to the case being submitted to the jury. Id. A motion for judgment as a matter of law also alerts the court to a claim of insufficient evidence before the case is submitted to the jury so the court is not faced with such a claim after the fact when the court's ability to address the motion is limited. Id. Finally, a motion at the close of evidence preserves the issue as a question of law for appeal. Id.

These purposes are met when the moving party alerts the court and the

opposing party to the insufficiency of the evidence prior to submission of the case to the jury. Greenwood v. Societe Francaise De, 111 F.3d 1239, 1244-45 (5th Cir. 1997). Upon such a motion, the court "may grant a directed verdict only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position," with the evidence and inferences construed in the light most favorable to the nonmoving party. Q.E.R., Inc. v. Hickerson, 880 F.2d 1178, 1180 (10th Cir. 1989). On appeal, this court reviews de novo the district court's denial of a motion for judgment as a matter of law, Cadena v. Pacesetter Corp., 224 F.3d 1203, 1208 (10th Cir. 2000), applying the same standard as applied in the district court, Q.E.R., 880 F.2d at 1180. "[W]e . . . will reverse only if there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law.'" Cadena, 224 F.3d at 1208 (internal quotations and citations omitted).

Where a party fails to move for judgment as a matter of law before the close of the evidence, however, we have repeatedly held that such a failure bars appellate review of the sufficiency of the evidence. F.D.I.C. v. United Pac. Ins. Co., 20 F.3d 1070, 1076 (10th Cir. 1994); Green Constr. Co. v. Kan. Power & Light Co., 1 F.3d 1005, 1012 (10th Cir. 1993); Comcoa, Inc. v. NEC Tels., Inc., 931 F.2d 655, 663 n.11 (10th Cir. 1991). The motion must also be sufficiently certain as to the issues raised. Rule 50(a) requires that a motion for judgment as a

matter of law at the close of the evidence "specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." Fed. R. Civ. P. 50(a)(2). The motion must include all issues challenged, as the "failure to move for a directed verdict [now judgment as a matter of law] on a particular issue will bar appellate review of that issue." Davoll v. Webb, 194 F.3d 1116, 1136 (10th Cir. 1999).

When determining whether a particular issue has been raised in a motion for judgment as a matter of law, the court has liberally construed such motions, Aguinaga v. United Food & Commercial Workers Int'l Union, 993 F.2d 1463, 1470 (10th Cir. 1993), stating that "[t]echnical precision is not necessary in stating grounds for the motion so long as the trial court is aware of the movant's position," United States v. Fenix & Scisson, Inc., 360 F.2d 260, 266 (10th Cir. 1966); see also Anderson, 933 F.2d at 1504. While technical precision is not required, "merely moving for directed verdict is not sufficient to preserve any and all issues that could have been, but were not raised in the directed verdict motion." United Int'l Holdings, Inc. v. Wharf Ltd., 210 F.3d 1207, 1229 (10th Cir. 2000). Rule 50 "does require that [the grounds for a motion] be stated with sufficient certainty to apprise the court and opposing counsel of the movant's position with respect to the motion." Id.

In this case, the Cummings moved for judgment as a matter of law with

regard to the defense of misuse only and requested a jury instruction on this issue. Counsel did not move for judgment as a matter of law with regard to GM's liability generally. The Cummings assert that the motion should be read liberally in accordance with Aguinaga to include the issue of liability generally. Although technical precision is not required, the moving party must adequately notify the court of the issues being raised in order to satisfy the purposes of the rule. The Plaintiffs' motion was limited to a motion for judgment as a matter of law on the issue of misuse, and therefore any appeal is so limited. See Dilley v. SuperValu, Inc., 296 F.3d 958, 962 (10th Cir. 2002); Smith v. Northwest Fin. Acceptance, Inc., 129 F.3d 1408, 1415-16 (10th Cir. 1997); United Pac. Ins., 20 F.3d at 1076. Beyond the issue of foreseeable misuse, we are limited to review for "'plain error constituting a miscarriage of justice.'" Dilley, 296 F.3d at 962 (quoting First Sec. Bank v. Taylor, 964 F.2d 1063, 1057 (10th Cir. 1992)); see also Smith, 129 F.3d at 1416.

GM also asserts that the Cummings' failure to renew their motion after the verdict results in a waiver. While true in most circuits,[1] under Tenth Circuit

---

[1]We note that the vast majority of other circuits have held that the failure to renew a motion for judgment as a matter of law following a jury verdict precludes an appellate court from reviewing the sufficiency of the evidence. See Adames v. Perez, 331 F.3d 508, 511-12 (5th Cir. 2003) (holding failure to file a post-verdict motion waives a sufficiency claim, limiting court to a review for plain error); Cross v. Cleaver, 142 F.3d 1059, 1069-70 (8th Cir. 1998) (holding, where a party fails to move for judgment as a matter of law following the verdict, the court

- 10 -

precedent, even where a party fails to make a post-verdict motion for judgment as a matter of law, it is not barred from appealing the issue of the sufficiency of the evidence, at least where an appropriate motion has been made prior to the submission of the case to the jury.  See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1246 (10th Cir. 1999) (holding such a failure does not bar appellant "from appealing the issue of the sufficiency of the evidence"); Marshall v. El Paso Natural Gas Co., 874 F.2d 1373, 1385 (10th Cir. 1989) (holding "failure to move for judgment notwithstanding the verdict does not bar an appeal"); Hansen v. Vidal, 237 F.2d 453, 454 (10th Cir. 1956) (holding motion for judgment as a matter of law not a "condition precedent to appeal from a final

_____

cannot test sufficiency of evidence beyond plain error to prevent a manifest miscarriage of justice); Patel v. Penman, 103 F.3d 868, 879 (9th Cir. 1996); Varda, Inc. v. Ins. Co. of N. Am., 45 F.3d 634, 638 (2d Cir. 1995) (failure to make motion results in a waiver of challenge to sufficiency of evidence); Velazquez v. Figueroa-Gomez, 996 F.2d 425, 426-27 (1st Cir. 1993); Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 862 (Fed. Cir. 1991) (concluding the "failure to present the district court with a post-verdict motion precludes appellate review of sufficiency of the evidence"); Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir. 1986); Woods v. Nat'l Life & Accident Ins. Co., 347 F.2d 760, 769 (3d Cir. 1965) ("A party's failure to file a motion for judgment n.o.v. in the trial court precludes an examination of the record by that court or this court for the purposes of ascertaining whether that party was entitled to a directed verdict."); cf. Benner v. Nationwide Mut. Ins. Co., 93 F.3d 1228, 1234 (4th Cir. 1996) (failure to move for judgment as a matter of law pursuant to Rule 50(b) limits the court's remedial powers, but not the ability to review for error). Despite the fact that our approach diverges from that taken by the other circuits, we are constrained to follow our prior precedent, as we are "without power to overrule the unequivocally contrary precedent of this Circuit." Morrison Knudsen, 175 F.3d at 1246 n.34.

- 11 -

judgment"). Thus the Cummings' failure to move for judgment as a matter of law following the adverse jury verdict does not bar their appeal regarding the sufficiency of the evidence to support the misuse defense.

In the absence of a Rule 50(b) motion, however, we are limited in the relief we may grant. The Supreme Court has repeatedly noted that in the absence of a motion for judgment as a matter of law following an adverse jury verdict "made in the trial court within ten days after reception of a verdict[, Rule 50(b)] forbids the trial judge or an appellate court to enter such a judgment." Johnson, 344 U.S. at 50; see also Globe Liquor Co. v. San Roman, 332 U.S. 571, 574 (1948); Cone v. W. Va. Pulp & Paper Co., 330 U.S. 212, 218 (1947) (holding appellate court is "without power to direct the District Court to enter judgment contrary to the one it had permitted to stand"). Thus, "[t]his court has no authority to direct a verdict contrary to that of the trial court where, as here, the complaining party has not given the trial court an opportunity to first correct its own error." Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1334 (10th Cir. 1984). In this situation, the only remedy available is a new trial. Johnson, 344 U.S. at 50-51; Morrison Knudsen, 175 F.3d at 1246; Fortier, 747 F.2d at 1334.

As to whether the court should have granted the Cummings judgment as a matter of law with regard to GM's liability generally, because the Cummings' Rule 50(a) motion was limited to the issue of GM's misuse defense, we review

the sufficiency of the evidence only for plain error constituting a miscarriage of justice. In addition, we are limited to determining whether a new trial is required, as we are without power to grant judgment in the Cummings' favor. As noted previously, judgment as a matter of law is appropriate only "if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." Davis v. United States Postal Serv., 142 F.3d 1334, 1339 (10th Cir. 1998) (internal quotations and citations omitted). "This stringent standard of review is further heightened under plain error review, which has been limited to errors which seriously affect the fairness, integrity or public reputation of judicial proceedings." Dilley, 296 F.3d at 963 (internal quotations and citations omitted). After a thorough review of the record in this case, we find nothing that rises to the level of such a miscarriage of justice. Therefore we conclude the district court did not commit plain error in allowing the Cummings' products liability claims to go to the jury.

We review the district court's denial of the Cummings' motion for judgment as a matter of law as to GM's defense of misuse de novo, although as above noted we are limited to determining whether the Cummings are entitled to a new trial. Under Oklahoma law, to establish a manufacturer's product liability, a plaintiff must prove that (1) "the product was the cause of the injury," (2) the defect existed in the product "at the time the product left the manufacturer's

possession and control," and (3) "the defect made the article unreasonably dangerous." Kirkland v. Gen. Motors Corp., 521 P.2d 1353, 1363 (Okla. 1975). However, where a plaintiff is using a product for a purpose for which it was not intended, and is injured, the plaintiff may not recover. Id. at 1366. Misuse of a product is a "defense subject to being pleaded and proved by defendant." Stewart v. Scott-Kitz Miller Co., 626 P.2d 329, 331 (Okla. App. 1981). "Abnormal or misuse of a product occurs where the method of using a product is not that which the maker intended or is a use that could not reasonably be anticipated by a manufacturer." Treadway v. Uniroyal Tire Co., 766 P.2d 938, 941 (Okla. 1988). Oklahoma has drawn a distinction between "use for an abnormal purpose" or misuse, and "use for a proper purpose but in a careless manner." Id. Use for a proper purpose but in a careless manner is considered contributory negligence, id., and contributory negligence is not a defense to a products liability claim, Fields v. Volkswagen of Am., Inc., 555 P.2d 48, 56 (Okla. 1976).

Although GM's main defense was that there was no defect in the seat or seat restraint system, GM also asserted that Mrs. Cummings's injuries may have resulted from either her posture or position at the time of the accident. GM presented evidence that Mrs. Cummings was reclined in her seat and that the injury resulted due to her position at the time of the accident. GM presented evidence of a warning in the owner's manual against such use, which contained a

picture of a person reclined and a warning that "[e]ven if you buckle up, your safety belts can't do their job when you're reclined like this." I Aplt. App. at 809. The experts testified that riding with the seat reclined was not an advised use of the seat given the warning and safety concerns, id. at 406-07, and that the seat reclined for uses while the car was parked rather than moving, id. at 760-61, 998. The Cummings countered with evidence that such a use was foreseeable by manufacturers. I Aplee. Supp. App. at 319. The Cummings' own statements were that such a use was "unsafe" and that Mrs. Cummings would never ride in this position. Id. at 154.

A motion for judgment as a matter of law at the close of the evidence may only be granted if "the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." Q.E.R., 880 F.2d at 1180. Construing the evidence and inferences in the light most favorable to GM, and refraining "from weighing the evidence, passing on the credibility of witnesses, or substituting our judgment for that of the jury," Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir. 1993), we find there was evidence supporting both parties' positions, and consequently the court did not err in denying the motion for judgment as a matter of law and submitting the issue to the jury.

- 15 -

B.  Discovery Rulings

With regard to the Cummings' appeal of the trial court's discovery rulings, we discern three main arguments: (1) GM failed to respond adequately to requests for discovery; (2) GM withheld names and locations of persons responsible for the design and implementation of the seat system; and (3) GM failed timely to produce research, development, and testing, including the failure to provide access to GM's databases.  I Aplt. Br. at 39-40.

The district court has broad discretion over the control of discovery, and we will not set aside discovery rulings absent an abuse of that discretion.  GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc., 998 F.2d 853, 858 (10th Cir. 1993).  This standard of review applies equally to the denial of a motion to compel, Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995) (noting a denial of a motion to compel discovery will not be disturbed absent an abuse of discretion), and the grant of a protective order, Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996) ("The decision of a district court to enter a protective order under Rule 26(c) is reviewed for an abuse of discretion.").  Under this standard, "we will not disturb a trial court's decision absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  Id. (internal quotations and citations omitted).  Such an abuse will occur only when the judge

renders "an arbitrary, capricious, whimsical, or manifestly unreasonable" judgment. Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999) (internal quotations and citations omitted).

We do not find such an abuse of discretion in this case. The Cummings assert that GM abused the discovery process and failed to adequately respond to discovery requests, yet they fail to point to anything in the record to support this proposition. We agree with the district court's conclusion that "numerous miscommunications and unnecessary disputes have been caused by Plaintiffs' failure to frame precise discovery requests and notices in accordance with the provisions of the rules." I Aplt. App. at 24.

We similarly find no support for the Cummings' assertion that GM failed to provide the names and locations of persons, including a Mr. Zurkiwskyj, responsible for the design and implementation of the seat system. GM provided several representatives from the company to be deposed under Rule 30(b)(6) on the issues of the seat design, seat restraint system, and the All-Belts-To-Seats design. I Aplt. App. at 27-28, 30. The Cummings cannot place the blame on GM for their own failure to depose the designated representatives.

To the extent the Cummings attempted to depose specific individuals, their service of notice to GM was in error. Under Federal Rule of Civil Procedure 30(b)(6), a party may issue a notice of intent to take a deposition to an

organization, and then the organization shall designate "one or more officers, directors or managing agents, or other persons who consent to testify on its behalf." The corporate entity itself designates the representative. Id. To the extent a party wants to subpoena an individual of its choice for a deposition, it must do so under Rule 30(a)(1), which states that a party "may take the testimony of any person, including a party, by deposition upon oral examination without leave of court." Rule 30(a) allows the Cummings to take the deposition of nonparty witnesses, including employees. "Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness. His or her presence must be obtained by subpoena rather than by notice . . . ." 8A Wright et al., Federal Practice and Procedure Civ. 2d § 2103. Mr. Zurkiwskyj's attendance must be compelled as any other nonparty witness–by subpoena. Fed. R. Civ. P. 45.

The Cummings' reliance on Rule 26 is similarly misplaced. The magistrate ruled the newest version of Rule 26 would govern in this case, including the 2000 amendments, I Aplt. App. at 26 n.5, and the Cummings did not object to this holding. Under the 2000 amendments, a party's "initial disclosure obligation . . . has been narrowed." Fed. R. Civ. P. 26 advisory committee's note, 2000 amends. Rule 26(a)(1) only requires automatic disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable

information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A).  Under this rule, a party is not obligated "to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use."  Fed. R. Civ. P. 26 advisory committee's note, 2000 amends.; see Gluck v. Ansett Austl. Ltd., 204 F.R.D. 217, 221-22 (D.D.C. 2001) (holding under the new version of Rule 26 that the opposing party was not required to produce information with regard to potential witnesses because "the essential inquiry is whether the disclosing party intends to use the witness.").

Finally, we find no abuse of discretion in the denial of the motion to compel access to GM's databases and the grant of a protective order to GM.  As noted by the magistrate judge, "Plaintiffs' proposed computer database searches are overly broad in scope, duplicative of prior requests and unduly burdensome." I Aplt. App. at 35.  "It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed. R. Civ. P. 26(c)," In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 669 F.2d 620, 623 (10th Cir. 1982), and there is no support for such a conclusion in this case.  Rather than an abuse of discretion, the record reveals a thorough and reasoned disposition on the part of the court, especially given the multiple motions before the court and the breakdown of communication between the parties.

C. <u>Rule 60(b) Motion</u>

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for . . . fraud . . ., misrepresentation, or other misconduct of an adverse party." We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. <u>Amoco Oil Co. v. EPA</u>, 231 F.3d 694, 697 (10th Cir. 2000); <u>see also</u> <u>Stubblefield v. Windsor Capital Corp.</u>, 74 F.3d 990, 994 (10th Cir. 1996) (collecting cases). In undertaking such a review, we are guided by the principle that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." <u>Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.</u>, 909 F.2d 1437, 1440 (10th Cir. 1990).

1. <u>Timeliness of Rule 60(b) Motion</u>

In denying the Cummings' Rule 60(b) motion, the district court relied in part on counsel's delay in filing the motion. II Aplt. Br., Att. 1 at 3-4. Rule 60 requires that such a motion be "made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Because the Cummings have argued misconduct under Rule 60(b)(3), the motion must have been filed within a "reasonable time," and not more than a year after the judgment.

The Cummings filed the Rule 60(b) motion within a year of the judgment. However, "[a] motion is not timely merely because it has been filed within one year of the judgment." White v. Am. Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990). The Cummings waited seven months after discovery of the tests to file the motion. This court has upheld several Rule 60(b) denials based on delay where the motion was nevertheless filed prior to the one year deadline. See White, 915 F.2d at 1425 (finding motion untimely where delay of almost a year with only justification that party needed time to raise a defense); Sec. Mutual Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1067-68 (10th Cir. 1980) (finding motion untimely where unexplained delay of 115 days after received notice of grounds for motion). Where a party delays in filing a Rule 60(b) motion after discovery of the grounds for the motion, it must offer sufficient justification for the delay. White, 915 F.2d at 1425. The Cummings argue their motion was presented in a "reasonable time in light of their numerous attempts at securing relief through other procedural channels." II Aplt. Br. at 20. However, the Cummings fail to explain what "other procedural channels" were explored. Id. at 20-21. They also state that they did not want to rush for relief "lest they risk the imposition of sanctions" under Rule 11. Id. at 21. Although it is true Rule 11 imposes a duty on attorneys to conduct "a reasonable inquiry" into the facts and law prior to signing any pleading filed with the court, Cooter & Gell v. Hartmarx Corp., 496

U.S. 384, 392 (1990), the Cummings do not explain why seven months were needed to conduct such an inquiry. They merely assert that, given the extraordinary nature of the remedy under Rule 60, they did not want to rush into filing such a motion. Such an assertion, without more, is insufficient to justify the delay. See White, 915 F.2d at 1425 (concluding party's asserted need for more time to assess defense was insufficient justification for delay). Given this court's precedent, and the failure of the Cummings to offer sufficient justification for the delay, it was not an abuse of the court's discretion to consider the Cummings' delay in denying the motion.

2. Denial of Rule 60(b) Motion on Merits

In addition to finding the motion untimely, the district court concluded that the motion should be denied "more importantly, because the plaintiffs have failed to establish misconduct by GMC." II Aplt. Br., Att. 1 at 4. As noted above, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks, 909 F.2d at 1440. Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal. Id. Given the lower court's discretion, the district court's ruling is only reviewed to determine if a "definite, clear or unmistakable error occurred below." Amoco Oil Co., 231 F.3d at 697. The burden is on the moving party, Wilkin v. Sunbeam Corp., 466 F.2d 714, 717 (10th Cir. 1972), and they must

show "clear and convincing proof" of fraud, misrepresentation, or misconduct, Anderson v. Dep't of Health & Human Servs., 907 F.2d 936, 952 (10th Cir. 1990); Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). The application must be "clearly substantiated by adequate proof," Wilkin, 466 F.2d at 717, and "the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (internal quotation marks and citations omitted).

Failure to disclose information requested during discovery may constitute "misconduct" under Rule 60(b)(3). Id. However, the Cummings have failed to provide clear and convincing evidence that GM's failure to disclose the videos in this case constitutes misconduct. The Cummings assert that the videos in question show "infant-sized crash dummies squirt[ing] out of their safety seats in simulated accidents similar to that suffered by the Cummings," II Aplt. Br. at 6; they argue such evidence would have been crucial in countering GM's defense, as the videos show that a scenario involving a forward facing child seat would have resulted in injury to the infant in this case. GM counters that the videos are irrelevant, as they involve child dummies ages three and above, in dissimilar car seats, in dissimilar cars. II Aplee. Br. at 14-15.

Even assuming the videos were relevant, GM was under no duty to produce

the videos given the requests for production in this case. Plaintiffs offer various requests for production and a subpoena duces tecum, arguing the tests fall within the requested documents. However, the requests are either overly broad or focus solely on the "seat, shoulder anchorages, seat bottom/pan, the seat back, the seat belt anchorages and seat belt angles." II Aplt. App. at 123-24. The Cummings have failed to point to any discovery requests that would encompass the videos in question.

This is particularly true given that the scope of the discovery in this case was limited to 1992-1998 N-cars, which included the 1995 Pontiac Grand Am. The magistrate judge stated during discovery that "[i]nformation about "N" cars that do not share pertinent designs and component parts with the car model at issue would not be relevant to the claims and defenses in this case." I Aplee. Br. at 18 (quoting I Aplt. App. at 34). Given the scope of discovery set forth by the district court, it does not appear the failure to produce the videos in response to the Cummings' discovery requests was "misconduct" on the part of GM.

The Cummings point to two cases, Anderson v. Cryovac, Inc., 862 F.2d 910, 925-26 (1st Cir. 1988), and Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978), to support their argument that GM's conduct constituted "misconduct." We are unpersuaded. The particular documents at issue in those cases were clearly requested during discovery. In Anderson, the court specifically

found that "[e]ach and all of these Rule 34 demands, fairly read, necessitated divulgement of the Report." 862 F.2d at 928. In <u>Rozier</u>, the court determined that "[b]y any fair reading, the district court's . . . discovery order called for production of this Trend Cost Estimate." 573 F.2d at 1339. These cases merely stand for the principle that the failure to disclose in response to a request for production, where proven with clear and convincing evidence, may constitute misconduct under Rule 60(b)(3).

We similarly find lacking the Cummings' argument that GM was required to disclose the video tapes under Federal Rule of Civil Procedure 26. To the extent the Cummings argue GM is required to automatically produce any document "relevant" to the disputed facts at issue in this case, <u>see</u> II Aplee. Br. at 10-11, as discussed above, their reference to the prior version of the rule is inappropriate. Rule 26(a)(1) requires that parties make initial disclosures of "all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claim or defenses, unless solely for impeachment." Fed. R. Civ. P. 26(a)(1)(B). Under the applicable version of the rule, GM was not required to automatically disclose documents that it did not intend to use. <u>Id.</u>, advisory committee's note, 2000 amends. Although a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

any party" under Federal Rule of Civil Procedure 26(b)(1), it is the party's own responsibility to seek such discovery through depositions and interrogatories.

The Cummings argue that "the letter and the spirit of the federal rules" require a new trial in this case. II Aplt. Br. at 22. The policies of full and fair disclosure, however, do not relieve them of their burden to prove misconduct. The district court concluded that the Cummings failed to satisfy this burden. Given the extraordinary nature of this remedy, and the lack of support for the motion, this conclusion was not an abuse of discretion.

AFFIRMED.