**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CRYSTAL HAYES, as guardian and
parent of Miya Perez and Gabriel
Alexander Perez, infants and minor
children; TERESA REYES,
individually and as personal
representative of the estate of Paul
Aaron Perez, deceased,

      Plaintiffs - Appellants,

vs.

JIMMY A. GARCIA, Deputy Sheriff
for Luna County, New Mexico;
BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF LUNA, NEW MEXICO,

      Defendants - Appellees.

No. 04-2009
(D.C. No. CIV-02-1355 RB/LAM)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

Plaintiffs-Appellants, survivors of decedent Paul Aaron Perez, appeal from

an adverse judgment in favor of Defendants-Appellees and the denial of a motion

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for a new trial. An on-duty police officer ran over Mr. Perez who was lying in the roadway. Plaintiffs sued the officer for violation of the decedent's civil rights and wrongful death under 42 U.S.C. § 1983 and the New Mexico Torts Claim Act, N.M. Stat. Ann. §§ 41-4-1 to 4-4-27.[1] At the close of the Plaintiffs' evidence, the district court granted the Defendants motion for judgment as a matter of law ("JMOL")[2] on the civil rights claim. The defendant officer admitted he was negligent, but the jury returned a special verdict indicating that the negligence of the officer was not the proximate cause of the decedent's death. Aplt. App. at 30. Plaintiffs moved for a new trial, which the district court denied. Id. at 38-44. On appeal, Plaintiffs argue the district court (1) erred in granting the Defendants' motion for JMOL on the civil rights claims and (2) abused its discretion in denying the Plaintiffs' motion for a new trial. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

On June 7, 2001, Mr. Perez, who was then 17, had been drinking with

---

[1]Plaintiffs initially raised additional claims. Those claims were resolved by the district court and are not at issue here.

[2]The parties refer to their motions made under Rule 50 of the Federal Rules of Civil Procedure as motions for a "directed verdict" and "judgment notwithstanding the verdict." However, in 1991 Rule 50 was amended and the terminology changed to refer to both of these motions as motions for JMOL.

several of his friends, including Justin Gray, early into the next morning. After consuming several beers, Mr. Perez, Mr. Gray, and a girl who was with them, went to Mr. Gray's house where his parents discovered their son had been drinking and insisted his friends go home. The father, Jeffrey Gray, drove the girl home and then drove Mr. Perez to a trailer on Hermanas Road, just outside Deming, N.M., where Mr. Perez claimed he lived.

After returning home, Jeffrey Gray became concerned that he had not seen Mr. Perez enter the trailer and that he had not alerted Mr. Perez's parents about their son's condition. Thus, Mr. Gray and his wife returned to where he had dropped off Mr. Perez. In fact, the trailer was not Mr. Perez's home, and the Gray's found Mr. Perez lying in the roadway, unconscious and bleeding.

Lt. Jimmy Garcia worked the night shift on June 7, and sometime in the early morning of June 8, as he was traveling down Hermanas Road going home for his lunch break, he fell asleep while driving. The officer was awakened when he felt a "bump" and thought he had run over an animal. The officer did not look back to see what he had run over, or stop to investigate. While at home, the officer heard a report of a pedestrian accident on Hermanas Road, and upon responding to the scene began to suspect he may have been involved. After inspecting his vehicle and discovering blood on the undercarriage, the officer informed the investigating officer that he had run over Mr. Perez.

3

Mr. Perez died five hours after the accident from blunt force trauma to the head and torso. The medical report concluded, based on the autopsy and the blood found on Lt. Garcia's vehicle, that Mr. Perez was lying on the road when he was run over. Add. Ex.7 at 8. Mr. Perez's children, represented by their mother, Crystal Hayes, and Mr. Perez's mother representing herself and Mr. Perez's estate sought to recover.

## Discussion

### A. Civil Rights Claims

Plaintiffs brought a substantive due process claim on two grounds: (1) the officer created a dangerous situation by hitting Mr. Perez with his car and failing to stop and render aid, which deprived Mr. Perez of his life, and (2) the officer deprived Mr. Perez of his right to medical aid after being injured by a state actor. The district court rejected both grounds in granting the Defendants' motion for JMOL. We review the grant of a motion for JMOL de novo, viewing the evidence, and reasonable inferences therefrom, in the light most favorable to the non-movant. Snyder v. City of Moab, 354 F.3d 1179, 1184 (10th Cir. 2003). Such a judgment is warranted only if the evidence points but one way and is not susceptible to reasonable inferences favoring the non-movant. Id.

The Supreme Court has clearly established that the due process clause was

4

not intended to supplant general tort law, but rather should be applied more narrowly "to prevent government officials from abusing [their] power, or employing it as an instrument of oppression." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (internal quotations and citation omitted) (alteration in original). Thus, in order to successfully establish a substantive due process claim, the Plaintiffs must show the officer's conduct "shocks the conscience." Id.; Uhlrig v. Harder, 64 F.3d 567, 571 (10th Cir. 1995). "[N]egligently inflicted harm is categorically beneath the threshold of constitutional due process." Lewis, 523 U.S. at 849. Further, it must be remembered that the officer's conduct must shock the conscience, and not simply the results of the officer's conduct.

Here, the officer was undoubtedly negligent in falling asleep at the wheel and failing to determine what he had run over. However, this behavior is not "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Lewis, 523 U.S. at 847 n.8. The accident occurred in the early morning hours in a dark rural area. Though the result was tragic, no facts indicate that the officer should have anticipated that Mr. Perez would be lying in the roadway. Likewise, the evidence does not suggest that the officer intentionally ran over Mr. Perez. And while there was some evidence to suggest Mr. Garcia failed to render aid, any error in the district court's grant of judgment as a matter of law is rendered harmless in light of the jury's finding that Mr. Garcia's

5

negligence was not the proximate cause of Mr. Perez's death. Without question, the officer made several errors in judgment; however, in this case, even though we might agree this behavior is unbecoming an officer, it simply does not meet the constitutional standard for establishing a substantive due process claim.

Additionally, the Plaintiffs' right to medical aid argument is unpersuasive. In City of Revere v. Massachusetts General Hospital, the Supreme Court held that a person who is injured "while being apprehended by the police" has a due process right to have the responsible state actor provide medical aid. 463 U.S. 239, 244 (1983). In so ruling, the Court analogized the case to the Eighth Amendment proscription against "deliberate indifference to serious medical needs of prisoners." Id. at 243-44 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). However, outside these contexts there is no general right to medical care for people injured by state actors. Indeed, the Supreme Court summarized this line of cases as establishing "that when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and well-being." DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 199-200 (1989). The present circumstances are clearly distinguishable. The officer was not attempting to exercise any affirmative authority over Mr. Perez "through incarceration, institutionalization, or other similar restraint of personal liberty" when the injury

occurred.  Id. at 200.  Thus, the district court did not err in granting the Defendants' motion for JMOL on this claim.

B.  Motion for a New Trial

Plaintiffs also argue the district court abused its discretion in denying their motion for a new trial on the grounds that the jury instructions and special verdict form improperly presented the proximate cause issue in their state law tort claim. We review the denial of a motion for a new trial for an abuse of discretion and reverse only if the jury's verdict is "clearly, decidedly or overwhelmingly against the weight of the evidence."  Hampton v. Dillard Dept. Stores, Inc., 247 F.3d 1091, 1110 (10th Cir. 2001) (citation omitted).

Instruction No. 10 and the special verdict form given to the jury framed the issue as determining whether the officer proximately caused the "Plaintiff's injuries and damages."  Aplt. App. at 30; Aplee. Sup. App. at 15.  While it is arguably true that this improperly states "Plaintiff's injuries" rather than "decedent's injuries," the Plaintiffs waived this argument by failing to object to the wording at trial and by using the exact language in their own proposed special verdict form.  Aplee. Sup. App. at 2; Fed. R. Civ. P. 49(a); Aves by and through Aves v. Shah, 997 F.2d 762, 766 (10th Cir. 1993) ("A party who requests an instruction invites any error contained therein and, absent an objection before the instruction is given, waives appellate review of the correctness of the

7

instruction.").

Further, we review instructions as a whole considering whether the jury was properly apprised of the law and facts at issue. Reed v. Landstar Ligon, Inc., 314 F.3d 447, 450 (10th Cir. 2002). Instruction No. 9 clearly stated that the "Plaintiffs have the burden of proving that the negligence of [Lt.] Garcia, was the proximate cause of the death of [Mr.] Perez," Aplee. Sup. App. at 14 (emphasis added), and the first sentence of Instruction No. 10 specified that Lt. Garcia denied his negligence "was a proximate cause of the accident or death of [Mr.] Perez." Id. at 15. As such, taken as a whole, the instructions presented the proper issue to the jury, and there is no evidence suggesting the jury was confused. Thus, aside from this issue being waived on appeal, the district court did not abuse its discretion in denying a new trial.

Plaintiffs also appear to make a sufficiency of the evidence argument as to proximate cause stating: "It is not within the bounds of reason to even suggest that . . . [the officer's] acts and omissions were not the proximate cause of [the accident.] Aplt. Br. at 23. This argument has been waived due to the Plaintiffs' failure to move for JMOL on the issue of proximate cause before the case was submitted to the jury. Cummings v. Gen. Motors Corp., 365 F.3d 944, 949 (10th Cir. 2004). To the extent that Plaintiffs claim that a new trial is warranted because the verdict was clearly against the weight of the evidence, we must

8

conclude that the district court did not abuse its discretion in denying a new trial. There was conflicting evidence whether the accident could have been avoided even had the officer not fallen asleep, and given that conflict the verdict is not "clearly, decidedly, or overwhelmingly against the weight of the evidence." Wollard v. JLG Indus., Inc., 210 F.3d 1158, 1168 (10th Cir. 2000) (quotation and citation omitted).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge