**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JAMES DALE KNIGHT,

      Plaintiff-Appellant,

v.

NINA R. KNIGHT; JANIECE I.
KNIGHT; WILLIAM J. KNIGHT;
MARGRET KNIGHT,

      Defendants-Appellees.

No. 04-8000
(D.C. No. 02-CV-1050-ABJ)
(D. Wyo.)

---

ORDER AND JUDGMENT *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff James Dale Knight, proceeding pro se, appeals the order denying his motion for post-judgment relief in this case seeking adjudication of ownership of real property in Wyoming and Alaska. We affirm.

*Motion to Dismiss*

As a preliminary matter, we deny defendants' motion to dismiss the appeal on the ground that this court did not grant permission for the appeal. The district court entered a final judgment. Consequently, plaintiff was not required to obtain permission to appeal, and this court has jurisdiction. 28 U.S.C. § 1291.

*Merits*

The district court granted defendants' motion to dismiss the complaint because plaintiff's claims to the real property in question were based on oral agreements that were not to be performed within one year. The court held that the Wyoming statute of frauds, Wyo. Stat. Ann. § 1-23-105, rendered the alleged agreements void and unenforceable. Accordingly, the court dismissed plaintiff's case for failure to state a claim upon which relief can be granted. [1]

Almost a year later, plaintiff filed his motion to reconsider under Fed. R. Civ. P. 60(b)(2) & (3), on the grounds of newly discovered evidence and

---

[1] This was the second case plaintiff filed in the Wyoming federal district court against these defendants seeking title to the real property in question. The prior action, case No. 02-CV-1017-J, was also dismissed. *See* R. doc. 18, at 3 n.1.

misrepresentation or other misconduct of an adverse party. "We review a district court's denial of a Rule 60(b) motion for an abuse of discretion." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004). The district court's ruling will be upheld unless it represents "a definite, clear or unmistakable error." *Id.* at 955. Relief will be granted under Rule 60(b) only in exceptional circumstances. *Id.* at 954.

The newly discovered evidence plaintiff claims entitles him to relief is "escrow laws and events presented" in a quiet-title action in an Alaska state court. Reply Br. at 5. It is clear that this evidence existed prior to the dismissal. Even if plaintiff asserts he was unaware of it before his case was dismissed, he has not made the requisite showing that he had made a diligent attempt to discover it before dismissal. *See Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (stating evidence available to plaintiffs before judgment would not support reconsideration where there was no showing that counsel made diligent yet unsuccessful attempt to discover it). Moreover, plaintiff has not demonstrated how this evidence warrants relief from dismissal. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1300 (10th Cir. 2002). Consequently, we find no abuse of discretion in denying the motion to reconsider on this ground.

Plaintiff's second ground to set aside the judgment is misrepresentation or misconduct by an adverse party. He apparently reasserts his claim that defendants fraudulently deprived him of his interest in the subject real property. He also complains that the district court did not address his fraud claim in its order of dismissal. These arguments challenge the dismissal order and should have been brought in a direct appeal. "A Rule 60(b) motion is not intended to be a substitute for a direct appeal." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). In addition, plaintiff has failed to allege that "the challenged behavior . . . substantially . . . interfered with [his] ability fully and fairly to prepare for and proceed at trial." *Cummings*, 365 F.3d at 955. Therefore, we hold that the district court did not abuse its discretion in denying reconsideration on this ground.

The judgment of the district court is AFFIRMED. Defendants' motion to dismiss the appeal is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-