FILED
United States Court of Appeals
Tenth Circuit

January 31, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARSHALL A. TILLMAN,

   Plaintiff-Appellants,

  v.

THE CITY OF LEAVENWORTH,
KANSAS, City Officials and Court;
FRANK KOHL, Leavenworth District
Attorney's Office,

   Defendants-Appellees.

No. 07-3301

(D. Kansas)

(D.C. No. 06-CV-3284-SAC)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Marshall A. Tillman, a Kansas state prisoner proceeding pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) request for relief from judgment. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

Tillman filed a 42 U.S.C. § 1983 civil rights complaint in October of 2006. Pursuant to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), the district court imposed an initial partial filing fee of $8.50 and ordered that amount paid within thirty days. The order establishing the initial partial filing fee specifically noted that if Tillman had any objection to the fee he must file an objection within thirty days. The order further noted that absent objection or payment of the initial partial filing fee within thirty days, the action would be dismissed without prejudice. When no objection or payment was forthcoming, the district court dismissed Tillman's § 1983 action without prejudice on November 28, 2006.

Tillman then filed two motions to reinstate, one on May 15, 2007, and one on June 27, 2007.[1] The district court construed the motions as a request for relief pursuant to Rule 60(b) and denied the requested relief. The district court noted that Tillman had produced documents demonstrating his inmate trust account was devoid of funds during the period when the initial partial filing fee was due. It

[1] Tillman also filed a notice of appeal on June 27, 2007. This court dismissed the appeal on August 1, 2007, for lack of jurisdiction, based on Tillman's failure to file a timely notice of appeal.

concluded, however, that Tillman had failed to produce any justification for his failure to apprise the court of this fact during the thirty-day objection period set out in the order establishing the initial partial filing fee and failed to explain why it took him four months to bring this fact to the court's attention. Finally, the district court concluded the interests of justice did not favor granting Tillman relief from the prior dismissal because the action dismissed was, in essence, a claim for damages based on prosecutorial misconduct and such claims were most likely barred by the doctrine of absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (discussing parameters of doctrine of absolute prosecutorial immunity).

This court reviews the district court's denial of a Rule 60(b) motion for abuse of discretion, keeping in mind that Rule 60(b) is extraordinary relief that may only be granted in exceptional circumstances. *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004). "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation and quotations omitted).

With the appropriate standard in mind, this court has reviewed Tillman's appellate filings, the district court's order denying relief from judgment, and the entire record on appeal. As noted by the district court, Tillman's failure to comply with the time periods set out in the order setting the initial partial filing fee is completely unexplained. Furthermore, for those reasons discussed by the district court, the interests of justice do not favor granting Tillman relief from the order of dismissal. Accordingly, the order of the district court denying Tillman's request for Rule 60(b) relief for judgment is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge