**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AUBREY JONES,

      Plaintiff - Appellant,

v.

FERGUSON PONTIAC BUICK GMC,
INC.; BOBBY HARE, Individually,

      Defendants - Appellees.

No. 09-6228

(W.D. Oklahoma)

(D.C. No. 5:07-CV-00834-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Aubrey Jones, appearing pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) request for relief from judgment. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

After Jones reached a settlement in his employment discrimination case, the district court dismissed the matter with prejudice on November 27, 2008. Approximately eleven months later, on September 21, 2009, Jones moved to reopen the case so he could pursue a claim pursuant to the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (2009). Noting that the only provision of Federal Rule of Civil Procedure 60(b) potentially applicable was Rule 60(b)(6),[1] the district court denied relief on the basis that a simple change in the law was not grounds for relief in this particular case. *See Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958) (holding that in the usual case "[a]

---

[1]Jones's assertion on appeal that he is entitled to relief under Rule 60(b)(3) is utterly frivolous.

> Rule 60(b)(3) allows a court to relieve a party from a final judgment based on "fraud . . . , misrepresentation, or other misconduct of an adverse party." Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation. In other words, they must show clear and convincing proof of fraud, misrepresentation, or misconduct. Moreover, the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.

*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005). The filings attached to Jones's motion to reopen do not come anywhere close to satisfying this heavy burden.

change in the law . . . is not such an extraordinary circumstance which justifies" relief under Rule 60(b)).

This court reviews the district court's denial of a Rule 60(b) motion for abuse of discretion, keeping in mind that Rule 60(b) is extraordinary relief that may only be granted in exceptional circumstances. *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004). "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation and quotations omitted).

With the appropriate standard in mind, this court has reviewed the parties' appellate filings, the district court's order denying relief from judgment, and the entire record on appeal. For those reasons discussed by the district court, the interests of justice do not favor granting Jones relief from judgment.

Accordingly, the order of the district court denying Jones's request for relief from judgment is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge