**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ELIZABETH JENKINS,

      Plaintiff-Appellant,

v.

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,

      Defendant-Appellee.

No. 05-2007
(D.C. No. CIV-03-522-ACT/WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

Plaintiff Elizabeth Jenkins sued her former employer, Educational Credit

Management Corporation (ECMC), alleging that her supervisor retaliated against

her for complaining of unlawful discrimination. She sought damages under Title

VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment

Act (ADEA). The district court dismissed the Title VII claim on the grounds that

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jenkins failed to exhaust her administrative remedies, and ECMC prevailed in the trial of the ADEA claim.[1] Jenkins now appeals the district court's dismissal of her Title VII claim and its entry of judgment on her ADEA claim in favor of ECMC. We take jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The relevant facts are discussed below in the context of each issue raised on appeal.

*I. Dismissal of the Title VII Claim*

ECMC fired Jenkins in February 2002. On June 26, 2002, she filed a charge of discrimination against ECMC with the New Mexico Human Rights Division and the Equal Employment Opportunity Commission (EEOC Charge). In the EEOC Charge, Jenkins checked boxes to indicate that her complaint stemmed from age discrimination and retaliation. She described the particulars of her claim as follows:

> I. STATEMENT OF HARM: I was hired on [sic] September 2000.
> On February 4, 2002 I was terminated in retaliation for having
> opposed a discriminatory act based on age discrimination.

---

[1]     Jenkins also brought a claim under the Americans With Disabilities Act (ADA). Shortly after ECMC filed its motion to dismiss, however, she consented to a dismissal of both her Title VII and ADA claims. Later, she moved to vacate the order of dismissal with respect to her Title VII claim, arguing that she consented to its dismissal in error. Accordingly, the parties completed briefing, and the district court adjudicated ECMC's motion to dismiss, which by then was limited to the Title VII claim.

II.  RESPONDENT'S REASON FOR ADVERSE ACTION: I was told that I was being terminated because I did not get along with my manager and because I didn't support her.

III.  STATEMENT OF DISCRIMINATION: I BELIEVE I HAVE BEEN DISCRIMINATED AGAINST BECAUSE OF my age 45 and retaliated against, IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE NEW MEXICO HUMAN RIGHTS ACT.

Aplt. App. at 45.  The EEOC Charge did not include any facts relating to discrimination prohibited by Title VII.[2]  Nonetheless, the Notice of Charge of Discrimination that the State sent to ECMC stated that Jenkins had filed a charge under Title VII, the ADEA, and the New Mexico Human Rights Act.  After investigating Jenkins's complaint, the State found insufficient evidence to conclude that she had been discriminated against on the basis of age.  It therefore dismissed her complaint with prejudice.  On March 14, 2003, the EEOC adopted the State's findings and issued a right-to-sue letter.

Jenkins filed her complaint in this action on May 2, 2003.  On September 9, 2003, ECMC filed a partial motion to dismiss the Title VII claim under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  ECMC argued that the district court lacked subject-matter jurisdiction over the Title VII claim because Jenkins had failed to exhaust her administrative remedies.  It reasoned

---

[2]    Title VII makes it unlawful for an employer to discharge or otherwise discriminate against any individual based on race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).

-3-

that Jenkins's EEOC Charge was not sufficient to meet the exhaustion requirement because the charge did not include any factual allegations relating to illegal discrimination under Title VII.

In ruling on the motion, the district court allowed ECMC to submit evidence of Jenkins's failure to exhaust. In addition to the EEOC Charge, the court considered other documents generated during the State's investigation and concluded that Jenkins had not filed an administrative charge of discrimination under Title VII. The court declined to read into the EEOC Charge a complaint of Title VII discrimination because it found that "Plaintiff's Charge contain[ed] no factual allegations concerning race, color, religion, sex, or national origin." *Id.* at 119-20. It further found that the allegations in the EEOC Charge were not reasonably related to any Title VII claim. Since we have held that exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII lawsuit, *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996), the court concluded that it lacked jurisdiction over Jenkins's Title VII claim and dismissed the claim with prejudice.

Jenkins raises two challenges to the district court's decision. First, she argues that she did, in fact, exhaust her administrative remedies. Because the Title VII box was checked on the Notice of Charge of Discrimination that the State sent to ECMC, she argues that her former employer was on notice that she intended to pursue a Title VII claim, and that this satisfied the exhaustion

requirement.  Second, she argues that the district court erred in considering matters beyond the pleadings.  She claims that the court's consideration of documents attached to ECMC's reply brief impermissibly converted ECMC's motion into a Rule 56 motion for summary judgment without giving her an opportunity to submit rebuttal evidence.  These challenges raise legal questions, which we review de novo.  *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004).

We turn first to Jenkins's contention that the district court impermissibly converted ECMC's motion to dismiss into a motion for summary judgment.  This argument was squarely rejected in *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003).  There, the district court dismissed plaintiffs' claims on jurisdictional grounds because the plaintiffs had failed to exhaust remedies provided by the Bureau of Indian Affairs.  343 F.3d at 1294.  In reaching its decision, the district court considered information beyond the allegations of the complaint, which the plaintiffs argued was not permissible under Rule 12(b)(1).  We disagreed, explaining that it is appropriate, particularly in the exhaustion context, for a district court to consider evidence beyond the pleadings in resolving a challenge to subject-matter jurisdiction.  *Davis*, 343 F.3d at 1296.

> When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.  In such instances, a court's reference to

-5-

> evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment.

*Id.* (quotation, citation, and brackets omitted). It is clear in this case that the district court construed ECMC's motion under Rule 12(b)(1) rather than Rule 56. The court cited Rule 12(b)(1) and explained that "'[e]xhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII.'" Aplt. App. at 118 (*quoting Jones* 91 F.3d at 1399). Indeed, it would have been improper for the court to enter judgment under Rule 56 based on lack of subject-matter jurisdiction. *Shikles*, 426 F.3d at 1317-18. Under *Davis*, the district court did not convert the motion into a Rule 56 motion by considering evidence beyond the pleadings. Moreover, because Jenkins first agreed to, and then moved to withdraw, the stipulated dismissal of her Title VII claim, she had over a year to respond to ECMC's motion. Thus, even if the district court had construed the motion pursuant to Rule 56, Jenkins cannot credibly claim that she was robbed of the opportunity to gather and present evidence in support of her exhaustion argument. Accordingly, we see no procedural errors or prejudice with respect to Jenkins in the district court's disposition of the motion.

We also agree with the district court's ultimate conclusion that Jenkins failed to exhaust her administrative remedies with respect to the Title VII claim. Jenkins has not pointed to a single factual allegation in any of the State's investigative documents that concerns discrimination prohibited by Title VII. The

EEOC Charge that she filed mentions only age discrimination and retaliation in violation of the ADEA. The Title VII box was checked in the notice that ECMC received, but that document was clearly based on, and was meant to be read alongside, the EEOC Charge itself. As the district court intimated, it was not unreasonable to assume that an agency employee simply checked the Title VII box in error. ECMC also submitted additional documentation demonstrating that the focus of the State's investigation was solely age discrimination. Based on our review of the record, there is simply no evidence that Jenkins complained of any discrimination prohibited by Title VII in any forum. Even at this juncture in the case, we are mystified as to the factual underpinnings of this elusive Title VII claim. In short, Jenkins has advanced no colorable argument that would justify reinstating her Title VII claim. The district court's order dismissing that claim is therefore affirmed.

## II. The ADEA Claim

### A. Jenkins's Motion for Judgment as a Matter of Law

Jenkins's ADEA claim was tried to a jury in December 2004. At the close of evidence, her attorney made an oral motion for judgment as a matter of law, formerly referred to as a motion for directed verdict, on the issue of Jenkins's prima facie case. The transcript of that motion reads as follows:

> At this time, the plaintiff would like to make a motion for a limited directed verdict with respect to the plaintiff's prima facie case. I think it has been clearly established and, in fact, is admitted by the

defense, that Liz Jenkins made protected disclosures that she opposed discrimination in the workplace. And it is certainly not contested that she was fired.

She has therefore established her prima facie case, and the entirety of the issues to be tried to the jury have to do with the defense of a neutral nondiscriminatory reason. We'd ask that the Court therefore give an instruction that the prima facie case has been satisfied.

Aplt. App. at 637. The district court denied the motion, and Jenkins claims that its ruling was in error.

"We review the denial of a motion for a directed verdict de novo, applying the same standards used by the district court." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1301-02 (10th Cir. 2003) (quotation omitted). To obtain a directed verdict, a party must show that "the evidence, viewed in the light most favorable to the nonmoving party, points but one way and is susceptible to no reasonable inferences supporting the non-moving party." *Id.* (quotation omitted).

Jenkins claims that it was error to deny her request for a directed verdict because she clearly made out her prima facie case. This argument is a non-starter. Aside from the fact that her motion was actually a request for a jury instruction rather than a motion for directed verdict, Jenkins overlooks a more fundamental flaw. In a discrimination lawsuit, the jury does not apply the *McDonnell Douglas* [3] framework in arriving at its verdict. *U.S. Postal Serv. Bd.*

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*of Governors v. Aikens*, 460 U.S. 711, 715 (1983). "Rather, the issue before the jury is 'discrimination *vel non.*'" *Abuan v. Level 3 Commc'ns., Inc.*, 353 F.3d 1158, 1169 (10th Cir. 2003) (citing *Aikens*, 460 U.S. at 715). Evidently, the district court agreed with Jenkins that she satisfied her prima facie case under *McDonnell Douglas*, for it permitted her to go to trial on her ADEA claim. That is all she was entitled to. After a full trial on the merits, the district court correctly left to the jury "the single overarching issue whether [Jenkins] adduced sufficient evidence to warrant [its] determination that adverse employment action was taken against [her]." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). As was its prerogative, the jury answered that question in the negative, and now Jenkins seeks improperly to blame the district court for the jury's decision. But the court committed no error in denying her Rule 50(a) motion.[4]

---

[4]      ECMC argues that Jenkins waived her challenge to the district court's ruling by failing to renew her motion for judgment as a matter of law after entry of judgment as provided under Federal Rule of Civil Procedure 50(b). It contends that the Supreme Court's recent decision in *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 126 S. Ct. 980 (2006), abrogates *Cummings v. GM Corp.*, 365 F.3d 944, 951 n.1 (10th Cir. 2004), in which this court held that a party need not renew a Rule 50(a) motion after judgment in order to preserve an issue for appeal. While we find *Unitherm's* affect on the continued vitality of *Cummings* to be an interesting question, we leave it for another day and another case. Whether preserved or not, Jenkins has no legitimate challenge to the court's denial of her Rule 50(a) motion.

*B. Sufficiency of the Evidence*

In another unusual argument, Jenkins – the plaintiff – claims that insufficient evidence supported the jury's verdict, in particular its finding that she did not engage in activity protected by the ADEA. Jenkins failed to raise this argument in the district court. She did not raise the issue in her motion for directed verdict at the close of evidence, and she did not make any post-verdict motions. Consequently, as she has waived any appellate challenge to the sufficiency of the evidence, we need not address the merits of her argument. *Davoll v. Webb*, 194 F.3d 1116, 1136 (10th Cir. 1999) ("A failure to move for a directed verdict on a particular issue will bar appellate review of that issue.") For the sake of Jenkins's counsel, however, we reiterate that "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Accordingly, any failure of proof redounded to the benefit of ECMC, not Jenkins.

*C. Challenged Jury Instruction*

Finally, Jenkins argues that the district court gave an erroneous jury instruction regarding what constitutes protected activity in the context of a retaliation claim under the ADEA. And she asserts additional error in the district court's refusal to give a curative instruction. The court instructed the jury as follows:

> In order for an informal complaint by plaintiff to a superior to be considered protected activity, plaintiff must prove by a preponderance of the evidence that, one, she subjectively believed, in good faith, that defendant subjected other employees to unlawful discrimination; and two, *her belief was objectively reasonable in light of the facts.*

Aplt. App. at 643 (emphasis added). Jenkins contends that this was tantamount to instructing the jury that she had to prove the underlying discrimination in order to show retaliation, which is not required under the ADEA. ECMC counters that Jenkins waived any objections to the jury instruction by failing to lodge a timely objection in the district court.

In order to comply with Federal Rule of Civil Procedure 51, which establishes the procedure for objecting to a jury instruction, "a party must both proffer an instruction and make a timely objection to the refusal to give a requested instruction." *Abuan*, 353 F.3d at 1172. The record before us indicates that Jenkins did neither. To the contrary, her counsel explicitly agreed to the exact jury instruction quoted above, first telling the court "I think it'll work, Your Honor," Aplt. App. at 497, and later reaffirming that "Plaintiff [had] no objections" to the instructions that the court intended to give the jury, *id.* at 632.

During closing arguments, Jenkins's counsel objected to ECMC's characterization of her burden of proof on the retaliation claim and told the court, "I think it's appropriate to ask for a curative instruction." *Id.* at 690. He never proffered such an instruction, however. Moreover, Jenkins never objected to the

instruction that was actually given, and she cannot rely on the fact that it differed from the proposed jury instruction that she originally submitted to the court. "A party does not satisfy the requirements for Rule 51 by merely submitting to the court a proposed instruction that differs from the instruction ultimately given to the jury." *Abuan*, 353 F.3d at 1172 (quotation omitted). There being no record of any timely objection to the challenged jury instruction, we simply review it for plain error. *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1227 (10th Cir. 2001).

Jenkins is correct, of course, that "[a] meritorious retaliation claim will stand even if the underlying discrimination claim fails." *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 533 (10th Cir. 1998). But we are not convinced that the court's instruction was to the contrary. Jenkins objects to the part of the instruction that required her to show that it was objectively reasonable for her to believe that discrimination occurred. Contrary to her assertion, this was not the same as requiring her to prove that discrimination in fact did occur. Under plain error review, "[w]e may only reverse in an exceptional circumstance, where the error was patently erroneous and prejudicial and where fundamental injustice would otherwise occur." *Abuan*, 353 F.3d at 1173. Jenkins hasn't shown patent error, prejudice, or anything close to fundamental injustice. We therefore reject her request for a new trial based on the retaliation jury instruction.

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge