**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
───────────────────────────────

LUZETTA MURPHY-SIMS,

     Plaintiff - Appellant,

v.

OWNERS INSURANCE COMPANY,

    Defendant - Appellee.

No. 18-1392

───────────────────────────────

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:16-CV-00759-CMA-SKC)**
───────────────────────────────

Bradley A. Levin (Jeremy A. Sitcoff and Elisabeth L. Owen of Levin, Sitcoff, P.C., Natalie Brown and Joseph A. Sirchio of Franklin D. Azar & Associates, P.C., with him on the briefs, Aurora, Colorado), Levin Sitcoff PC, Denver, Colorado, for Plaintiff - Appellant.

Gregory R. Giometti (John D. Mereness and Taylor R. Seibel of Giometti & Mereness, P.C., with him on the brief), Denver, Colorado, for Defendant - Appellee.
───────────────────────────────

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
───────────────────────────────

**KELLY**, Circuit Judge.
───────────────────────────────

    Plaintiff-Appellant Luzetta Murphy-Sims appeals from a judgment on a jury verdict in favor of Defendant-Appellee Owners Insurance Company (Owners). On appeal, Ms. Murphy-Sims argues that the district court erred by (1) denying her motion

for judgment as a matter of law; (2) instructing the jury that it did not need to consider bad faith absent a breach of contract; (3) linking the breach of contract and bad faith claims; (4) instructing the jury on bad faith and damages; and (5) admitting and excluding certain evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Background

On March 27, 2013, Mr. Switzer and Ms. Murphy-Sims were involved in a car accident in which Mr. Switzer was at fault. At the time, he was insured by Owners under an automobile policy that provided liability coverage of $100,000 per person and covered the vehicle that Mr. Switzer was driving.

Ms. Murphy-Sims maintained that she suffered extensive injuries, and consequently incurred significant medical costs, as a result of the accident. In February 2014, she sent Owners a letter demanding settlement claiming $41,000 in medical expenses. Owners timely replied with a request for more information. When Ms. Murphy-Sims failed to reply, Owners sent two additional follow-up requests. Finally, in June 2014, Ms. Murphy-Sims provided Owners with some of the requested information. It did not offer a settlement payment in response.

In July 2014, Ms. Murphy-Sims sued Mr. Switzer. The parties agreed roughly three weeks later to enter into a Nunn agreement[1] wherein the parties agreed to submit

---

[1] Colorado law permits local insureds to enter into an agreement with a third party whereby the insured "assigns its bad faith claims [against the insurer] to the third party, and in exchange the third party agrees to pursue the insurer directly for payment of the excess judgment" that the insurer did not settle. Nunn v. Mid-Century Ins. Co., 244 P.3d 116, 119 (Colo. 2010).

the issue of damages to binding arbitration.  The arbitrator awarded Ms. Murphy-Sims approximately $1.3 million and judgment was entered against Mr. Switzer.  Pursuant to the agreement, Ms. Murphy-Sims did not execute on the judgment.

In March 2016, Ms. Murphy-Sims, standing in Mr. Switzer's shoes as permitted under the Nunn agreement, filed the underlying lawsuit against Owners in state district court.  She claimed that Owners had breached its contract with Mr. Switzer and had done so in bad faith.  Owners removed the suit to federal court and the case proceeded to trial.  A jury ultimately found that Owners did not breach its contract with Mr. Switzer, thereby declining to award $1.3 million in damages to Ms. Murphy-Sims.  The jury did not reach the bad faith claim having been instructed that it need not be reached in the absence of a breach of contract.

## Discussion

Ms. Murphy-Sims argues that the district court made five distinct errors, three of which are contingent upon our finding that the district court improperly instructed the jury that they need only reach the bad faith claim if they found breach of contract.  As discussed below, we do not find that the district court so erred and thus only address her first two arguments.

## A.  Rule 50(a) Motion

Ms. Murphy-Sims argues the district court erred in denying her Rule 50(a) motion for judgment as a matter of law.  While we ordinarily "review a district court's decision under Rule 50(a) de novo and apply the same standards as the district court," Bay v. Anadarko E&P Onshore LLC, 912 F.3d 1249, 1255 (10th Cir. 2018), we need not engage

3

in this analysis here as we find that this issue is not preserved for appellate review because Ms. Murphy-Sims failed to renew her motion under Rule 50(b).

Ms. Murphy-Sims argues that the district court erred in denying her Rule 50(a) motion because she presented "unequivocal" evidence on the question of whether "Owners breached its contractual duty to indemnify [Mr.] Switzer, up to the amount of the policy limit, for damages . . . [he owed Ms.] Murphy-Sims by virtue of the [j]udgment." Aplt. Br. at 12. However, "the precise subject matter of a party's Rule 50(a) motion—namely, its entitlement to judgment as a matter of law—cannot be appealed unless that motion is renewed pursuant to Rule 50(b)." Unitherm Food Sys. v. Swift-Echrich, Inc., 546 U.S. 394, 404 (2006). As Ms. Murphy-Sims failed to file a Rule 50(b) motion following entry of the jury verdict, this issue was not properly preserved for appeal.

Ms. Murphy-Sims argues that Rule 50(b) should not apply because she raised her Rule 50(a) motion not on sufficiency-of-the-evidence grounds "but rather asked that the court rule on a purely legal question that could not be and never was submitted to the jury." Aplt. Reply Br. at 7. But this is incorrect as her Rule 50 grounds were not premised on a pure question of law, as she alleges, but rather turned on "material issues of fact."[2] Murphy-Sims v. Owners Ins. Co., No. 1:16-cv-00759-CMA-CBS, 2017 WL

---

[2] We agree with the district court that the issue raised by Ms. Murphy-Sims implicates material questions of fact. Moreover, we are not beholden to counsel's own characterization of whether an issue presents questions of law or fact and have indeed cautioned that "prudent counsel" would be wise not to "rely on their own interpretations" in making this determination. Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1521 (10th Cir. 1997).

2865679, at *7 (D. Colo. Mar. 17, 2017) (finding "material issues of fact prevent[ed] a finding that Owner's waived its right to challenge the reasonableness of the judgment in the underlying lawsuit" in response to Ms. Murphy-Sims's argument that Owners was per se liable by virtue of the judgment). And where Rule 50(a) motions are raised on sufficiency-of-the-evidence grounds, all challenges on appeal are waived unless a Rule 50(b) motion was subsequently filed. As Ms. Murphy-Sims did not file a Rule 50(b) motion, her challenge to the court's ruling was not properly preserved for appellate review.

Moreover, even if we were to find that Ms. Murphy-Sims's Rule 50 challenge was premised on a pure question of law, and was thus appropriately raised on appeal, see Ruyle v. Continental Oil Co., 44 F.3d 837, 841–42 (10th Cir. 1994), her argument is precluded by the Final Pretrial Order. "[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint." Wilson v. Muckala, 303 F.3d 1207, 1215 (10th Cir. 2002). Ms. Murphy-Sims's theory that Owners breached its contractual duty by failing to indemnify Mr. Switzer as required by the judgment was not included in the Final Pretrial Order. As discussed in Part B below, the only breach of contract theory alleged by Ms. Murphy-Sims turned on whether Owners breached by failing to tender the policy limits to Ms. Murphy-Sims in a timely manner. As Ms. Murphy-Sims's Rule 50 motion relied on a separate theory that fell outside four corners of the Final Pretrial Order, we conclude that the district court did not err in denying her motion.

5

**B. Bad Faith Theory Not Included the Final Pretrial Order**

Ms. Murphy-Sims next argues that the district court erred in instructing the jury that it need not reach her bad faith claim if it found no breach of contract. Where an appellant challenges a particular jury instruction, we review the district court's decision to include or exclude that instruction for abuse of discretion. See Coletti v. Cudd Pressure Control, 165 F.3d 767, 771 (10th Cir. 1999).

Ms. Murphy-Sims contends that Owners acted in bad faith by failing to settle her claim against Mr. Switzer. Importantly, she did not raise this theory in the Final Pretrial Order. The Final Pretrial Order provides that her "claims are for breach of contract and bad faith breach of contract." 1 Aplee. Supp. App. 126. Ms. Murphy-Sims's counsel clarified at a subsequent status conference that she brought her bad faith claim on the theory that Owners breached its contract by failing to tender policy limits in a timely manner:

> THE COURT: . . . I wanted to clarify with you all what you believe is at issue in this case in terms of breach of contract. Owners, as I understand from the pleadings, satisfied its duty to defend Mr. Switzer against [Ms. Murphy-Sims'] claims in the underlying action brought by [Ms. Murphy-Sims], so that's not an issue; correct?
>
> MS. BROWN: Right. I think this is the breach — or the bad faith comes out of its duty; it didn't act reasonably in weighing out our settlement offer in the case.
>
> THE COURT: All right. But it did eventually tender[] the $100,000 policy limit.
> . . .
> MS. BROWN: Yes. The delay in tendering. And then the bad faith is not reasonably evaluating our client's claims in light of the — well, all of the circumstances.

6

THE COURT: But that is all tied to time; correct?

MS. BROWN: Correct.

5 Aplee. Supp. App. at 1250:9–1251:3.  As any "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint," Wilson, 303 F.3d at 1215, Ms. Murphy-Sims improperly raises this new theory on appeal.  We agree with Owners that allowing Ms. Murphy-Sims to wait until after the presentation of evidence to alter her theory would directly contravene the purpose of a final pretrial order.  See Monfore v. Phillips, 778 F.3d 849, 851 (10th Cir. 2015) (discussing the importance of final pretrial orders in constraining the modern pretrial practice of alleging "every alternative and contradictory claim or defense known to the law" at the pleading stage and "encourag[ing] both sides to . . . disclose something approximating their real trial intentions to opposing counsel and the court"). Accordingly, the district court's decision to instruct the jury that the bad faith claim was contingent upon a finding of breach of contract cannot be error.

As the remainder of Ms. Murphy-Sims's arguments rely on this same theory, which was not included in the Final Pretrial Order and which we thus do not accept, we need not reach them.

AFFIRMED.