**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 1, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WESLEY NELSON, by and through his
conservator and guardian, Amy Nelson,

    Plaintiff - Appellant,

v.

TOYOTA MOTOR CORPORATION, a
foreign corporation,

    Defendant - Appellee.

No. 24-1408
(D.C. No. 1:20-CV-03119-NYW-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY**, Circuit Judge, and **HEIL**,[**] Chief District
Judge.

_____

In this diversity suit, Plaintiff-Appellant Wesley Nelson appeals from the

district court's judgment upholding a jury verdict in favor of Defendant-Appellee

Toyota Motor Corporation on his strict liability manufacturing defect claim.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the briefs
without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is
therefore submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable John F. Heil, Chief District Judge of the United States
District Courts for the Northern and Eastern Districts of Oklahoma, sitting by
designation.

Specifically, Mr. Nelson argues the record contains substantial evidence to support overturning the jury's verdict and therefore the district court erred by sustaining it.

However, Mr. Nelson's noncompliance with Federal Rule of Civil Procedure 50 in the district court forecloses his sufficiency-of-the-evidence argument on appeal. We, therefore, decline to consider the merits of his argument. Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's judgment for Toyota.

## I

We begin by recounting the relevant facts[1] and procedural history, with a particular emphasis on Mr. Nelson's failure to adhere to Rule 50's two-step procedure.

## A

On October 25, 2018, Dennis Bender was driving his Toyota RAV4 in Adams County, Colorado. Mr. Nelson was a passenger in the front seat. Cecile Bender, Mr. Bender's wife, was a passenger in the back seat.

While driving over the speed limit, Mr. Bender suffered a diabetic episode. He lost control of the RAV4—crossing over the centerline and veering into oncoming traffic. As this was happening, Mrs. Bender powered off the RAV4's ignition. Ultimately, the RAV4 swerved off the road, traveled down an embankment, crashed into a utility pole, and rolled over. During the crash, the airbags and seatbelt

---

[1] In crafting our background statement, we recite "the evidence in the light most favorable to the verdict." *Pratt v. Petelin*, 733 F.3d 1006, 1009 (10th Cir. 2013).

2

pretensioners did not deploy. As a result, Mr. Nelson sustained a severe brain injury, pulmonary contusions, and multiple lacerations.

**B**

Mr. Nelson filed suit against Toyota. The sole cause of action in the operative complaint was strict product liability. His theory of the case was premised on the RAV4 having a manufacturing defect. Under Colorado law, a plaintiff may assert a claim for strict product liability based "on a manufacturing, design, or warning defect." *Oja v. Howmedica, Inc.*, 111 F.3d 782, 792 (10th Cir. 1997); *see Camacho v. Honda Motor Co.*, 741 P.2d 1240, 1247 (Colo. 1987) ("A product may be unreasonably dangerous due to a manufacturing defect, a design defect or a failure to warn.").

The case proceeded to trial. Mr. Nelson presented testimony from a dozen witnesses. Toyota presented evidence from nine witnesses. During trial, Toyota moved for judgment as a matter of law under Rule 50(a). The district court denied the motion. Later, Toyota renewed its Rule 50(a) motion. That motion was denied as well. At no point did Mr. Nelson move for judgment as a matter of law under Rule 50(a).

Then, after two weeks of trial, the case was submitted to the jury. The jury rendered a verdict in Toyota's favor. Specifically, the jury found that the RAV4 did not "have a manufacturing defect" that "render[ed] it unreasonably dangerous." Aplee.'s Suppl. App. at 4 (Verdict Form, dated Sep. 16, 2024). The district court entered final judgment in favor of Toyota the next day.

3

Mr. Nelson did not file any post-verdict motions under Rule 50(b) or Rule 59. Instead, this appeal followed.

## II

Mr. Nelson asks us to "overrule" or "overturn" the "jury's verdict." Aplt.'s Opening Br. at 7, 9, 19, 23, 26. Specifically, he seeks reversal on the ground that the evidence was insufficient. He says that this argument "was preserved by means of litigating the case below." *Id.* at 9. Yet, Mr. Nelson admits "no post[-]trial motion was made" under Rule 50(b). *Id.* Still, he contends his sufficiency challenge is "subject to plain error [review]." *Id.*

## A

Federal Rule of Civil Procedure 50 sets forth a two-step procedure for challenging the sufficiency of the evidence in a civil jury trial. First, under Rule 50(a)(1), after "a party has been fully heard on an issue during a jury trial," a district court may "resolve the issue against the party" and grant a movant judgment as a matter of law on a claim after finding "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1)(A)–(B). This motion for judgment as a matter of law may be made at any point "before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). Second, "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a)," after the court enters judgment on an adverse jury verdict, a party may renew its motion for judgment as a matter of law under Rule 50(b). Fed. R. Civ. P. 50(b).

4

"Generally speaking, we review de novo a challenge to the sufficiency of the evidence supporting a jury's [verdict] . . . ." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1183 (10th Cir. 2011). More accurately, "[w]e review de novo a district court's decisions regarding Rule 50(a) and 50(b) motions." *Helmer v. Goodyear Tire & Rubber Co.*, 828 F.3d 1195, 1199 (10th Cir. 2016). In other words, we only review a verdict for sufficiency when (1) the "challenge 'was appropriately raised in [a] Rule 50(a) motion,'" *ClearOne Commc'ns, Inc.*, 653 F.3d at 1183 (alteration in original) (quoting *Meyer v. Christie*, 634 F.3d 1152, 1158 (10th Cir. 2011)), and then (2) raised in a "Rule 50(b) motion after the verdict," *Kellogg v. Energy Safety Servs. Inc.*, 544 F.3d 1121, 1128 (10th Cir. 2008). *See Rural Water Dist. No. 4, Douglas Cnty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 975 (10th Cir. 2011) (explaining that to "challenge[] the sufficiency of the evidence," a party is required to make "a motion for judgment as a matter of law under Rule 50(a)" and then renew the challenge "after the entry of judgment . . . under Rule 50(b)").

A party's failure to follow the two-step procedure of Rule 50 "precludes our review." *Kellogg*, 544 F.3d at 1128. Indeed, "relief cannot be granted in an appeal on a ground not presented to the district court in a Rule 50(b) motion . . . ." *U.S. ex rel. MMS Constr. & Paving, L.L.C. v. W. Sur. Co.*, 754 F.3d 1194, 1201 (10th Cir. 2014).

The seminal case on this point is the Supreme Court's decision in *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006). Before *Unitherm*, appellants in the Tenth Circuit could raise a sufficiency-of-the-evidence challenge on

5

appeal without having filed a Rule 50(b) motion "so long as that party filed a Rule 50(a) motion prior to submission of the case to the jury." *Id.* at 399 (citing *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 950–51 (10th Cir. 2004)).  Under *Cummings*, failing to file a Rule 50(b) motion did not result in waiver.  365 F.3d at 950.  Rather, we still reviewed an unpreserved sufficiency argument for plain error. *Id.* at 951.  This approach was at odds with "most circuits." *Id.* at 950.

Then, in *Unitherm*, the Supreme Court abrogated *Cummings*—explaining "the requirements of Rule 50 compel a contrary result."  546 U.S. at 396.  In that case, at the district court, the jury returned a verdict for the plaintiff Unitherm. *Id.* at 397. The defendant ConAgra "neither renewed its motion for judgment as a matter of law pursuant to Rule 50(b), nor moved for a new trial . . . pursuant to Rule 59." *Id.* at 398.  Nevertheless, on appeal to the Federal Circuit, ConAgra argued "there was insufficient evidence" to sustain the jury's verdict. *Id.*  The Federal Circuit applied our *Cummings* precedent, vacated the jury's verdict, and remanded the case for a new trial. *Id.* at 398–99.

The Supreme Court reversed. *Id.* at 396, 399, 407.  In so doing, the *Unitherm* Court described a Rule 50(b) motion as a "necessary" precursor to seeking appellate review. *Id.* at 401.  Indeed, the absence of a Rule 50(b) motion in the district court was critically important: the Court reasoned that "[a] postverdict motion is necessary because '[d]etermination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed

6

transcript can impart.'"  *Id.* (second alteration in original) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 216 (1947)).

The Court observed "that a party's failure to file a Rule 50(b) motion deprives the appellate court of [] power."  *Id.*  In particular, "since [ConAgra] failed to renew its preverdict motion as specified in Rule 50(b), there was no basis for review of [its] sufficiency of the evidence challenge in the Court of Appeals."  *Id.* at 407.  The takeaway from *Unitherm* is clear: an appellant's "failure to comply with Rule 50(b) forecloses" its ability to "challenge . . . the sufficiency of the evidence" on appeal. *Id.* at 404.

In the two decades since *Unitherm*, the Supreme Court has reiterated the importance of Rule 50.  In *Ortiz v. Jordan*, 562 U.S. 180 (2011), for example, the Court explained that in the absence of a Rule 50(b) motion, "an appellate court is 'powerless' to review the sufficiency of the evidence after trial."  *Id.* at 189 (quoting *Unitherm*, 546 U.S. at 405).  And in *Dupree v. Younger*, 598 U.S. 729 (2023), the Court explained "a party must raise a sufficiency-of-the-evidence claim in a post-trial motion to preserve it for review on appeal," *id.* at 734–35.

We have, likewise, applied *Unitherm*'s rigid Rule 50 requirement on numerous occasions.  *See, e.g.*, *Kelley v. City of Albuquerque*, 542 F.3d 802, 817 n.15 (10th Cir. 2008); *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1219–21 (10th Cir. 2013); *Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1131 (10th Cir. 2019). Our application has remained constant: "To challenge the sufficiency of evidence on appeal, the challenging party must comply with the requirements of Fed. R. Civ. P.

7

50." *Morgan v. Baker Hughes Inc.*, 947 F.3d 1251, 1258–59 (10th Cir. 2020). Failure to comply with the requirements of Rule 50—notably, the filing of a Rule 50(b) motion—"forecloses" that party's ability to challenge the sufficiency of the evidence. *Kelley*, 542 F.3d at 817 (quoting *Unitherm*, 546 U.S. at 404). And a party's noncompliance "precludes our review." *Kellogg*, 544 F.3d at 1128.

**B**

Recall that Mr. Nelson's lone argument on appeal is that the trial evidence is insufficient to support the verdict in favor of Toyota. Further, recall that Mr. Nelson did not file the requisite Rule 50 motions in the district court. In light of *Unitherm* and its progeny, the ineluctable consequence under Rule 50 of Mr. Nelson's failure to file Rule 50 motions is that his sole argument on appeal is not properly preserved, and we are barred from considering it.

Below we confirm that Toyota has adequately challenged on Rule 50 preservation grounds Mr. Nelson's sufficiency-of-the evidence argument. And then we clarify that, irrespective of his invocation of the plain-error standard, Mr. Nelson's failure to file a Rule 50(b) motion in the district court precludes us from reviewing his sufficiency-of-the-evidence argument.

**1**

To begin, we conclude that Toyota has adequately raised its contention that, before the district court, Mr. Nelson waived his sufficiency-of-the-evidence challenge under Rule 50. In other words, Toyota itself has not forfeited its

8

contention that Mr. Nelson waived this challenge.[2]  Specifically, Toyota asserts that

"Mr. Nelson failed to preserve the [sufficiency-of-the-evidence] issue[] presented in

this appeal."  Aplee.'s Resp. Br. at 11.  From Toyota's perspective, Mr. Nelson's

failure to move for judgment as a matter of law "bars appellate review of the

sufficiency of the evidence."  *Id.* (quoting *Cummings*, 365 F.3d at 949).  As such,

Toyota asks us to reject Mr. Nelson's sufficiency-of-the-evidence argument as

"waived" without reaching the merits.  *Id.*

Though not citing *Unitherm*, Toyota's lack-of-preservation argument

reasonably can be read as resting at least in part on Rule 50 because Toyota cites

*Cummings* and unequivocally asserts that Mr. Nelson "waived any argument as to

sufficiency of the evidence"—that is, lost any right to demand that we review his

sufficiency-of-the-evidence challenge on the merits.  Aplee.'s Resp. Br. at 11.  As we

detail *infra*, under these circumstances, this theory of waiver is the proper one in

responding to Mr. Nelson's sufficiency-of-the-evidence challenge.

To be sure, Toyota muddies the waters of its lack-of-preservation argument by

*also* invoking and affirmatively embracing the plain-error standard, which is

applicable in instances of forfeiture, not waiver.  *See, e.g.*, *Richison v. Ernest Grp.,*

---

[2]    An appellee itself may forfeit (or waive) a contention that the appellant has failed to preserve an argument by "failing to argue [] lack of preservation." *Johnson v. Spencer*, 950 F.3d 680, 707 (10th Cir. 2020).  Stated otherwise, "[a]n appellee's failure to interpose a forfeiture [or a similar lack-of-preservation] defense . . . is itself a forfeiture."  Ian S. Speir & Nima H. Mohebbi, *Preservation Rules in the Federal Courts of Appeals*, 16 J. App. Prac. & Process 281, 297 (2015).

*Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) ("[W]e will entertain forfeited theories on appeal, but we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result."). Specifically, Toyota says that Mr. Nelson is "correct" in his invocation of the plain-error standard and that, because "Mr. Nelson failed to preserve the issues presented in this appeal; thus, only plain-error review is available." Aplee.'s Resp. Br. at 11. Toyota then proceeds to make an argument for why Mr. Nelson "fail[s] to make a showing that even approaches th[e] high burden" of the plain-error standard. *Id.* at 13.

Despite the mixed messages of Toyota's preservation argument, we give Toyota credit for raising the lack-of-preservation issue and asserting waiver in its briefing, and we consider it important that Toyota alludes to Rule 50—at least as being the partial doctrinal basis for its lack-of-preservation argument. Accordingly, we conclude that Toyota has adequately raised its contention that Mr. Nelson waived under Rule 50 his sufficiency-of-the-evidence challenge before the district court. In other words, Toyota has not forfeited its contention that Mr. Nelson waived this challenge.[3] *Cf. United States v. McGehee*, 672 F.3d 860, 873 n.5 (10th Cir. 2012)

---

[3] To be clear, in assessing whether Toyota has forfeited a lack-of-preservation challenge based on Mr. Nelson's failure to comply with Rule 50's requirements and, more specifically, *Unitherm*, we are assuming *arguendo* that the rule that *Unitherm* establishes is a claim-processing rule, not a jurisdictional one. If it were a jurisdictional rule, we would be obliged to assess whether the rule applies to bar Mr. Nelson's appeal, even if Toyota forfeited its argument that Mr. Nelson waived a challenge to that rule. Put otherwise, Toyota's preservation-related conduct would be irrelevant. *See, e.g.*, *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) ("[A]

(noting, where the government waited until oral argument to allege a lack of preservation, and even then asserted the wrong preservation theory, that "arguably" we still "may accord some small benefit to the government for that step").

---

court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct . . . ."). Although ordinarily it would be mandatorily enforced like a jurisdictional rule, unlike a jurisdictional rule, mandatory enforcement of claim-processing rules only is triggered when the adverse party has properly invoked and sought enforcement of the rule. *See United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008); *see also Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam) (noting that "[t]hese claim-processing rules thus assure relief to a party properly raising them"). Accordingly, an adverse party's forfeiture or waiver of a preservation challenge as to a claim-processing rule could forestall mandatory application of the rule. *McIntosh v. United States*, 601 U.S. 330, 337 (2024) (noting that a claim-processing rule is "subject to waiver and forfeiture by a litigant"); *Kontrick*, 540 U.S. at 456 ("[A] claim-processing rule, on the other hand, even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point.").

To date, our court has not definitively opined on whether Rule 50 is a jurisdictional rule or a claim-processing rule. *See, e.g.*, *Kelley*, 542 F.3d at 817 n.15 (declining to decide "whether a party's failure to file a Rule 50(b) motion deprives us of *jurisdiction* over its sufficiency-of-the-evidence challenge" (emphasis added)); *Elm Ridge*, 721 F.3d at 1220 n.12 (same). But we have no need to decide this question here. That is because we have concluded that Toyota has not forfeited an argument that Mr. Nelson has failed to preserve (i.e., waived) a sufficiency-of-the-evidence appellate challenge under Rule 50 and *Unitherm*. Consequently, we are not confronted with the question of whether we must apply *Unitherm*'s rule irrespective of Toyota's conduct because it is jurisdictional. We may simply assume *arguendo* that the rule is a claim-processing one because Toyota's lack-of-preservation argument is sufficient to trigger mandatory application of *Unitherm*'s rule—even if the rule is not jurisdictional. *See, e.g.*, *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1258 n.10 (10th Cir. 2019) ("Given the need to require exhaustion as either a claim processing rule or jurisdictional requirement, we need not decide which one applies.").

11

**2**

**a**

During a jury trial, the Federal Rules of Civil Procedure tell the parties to speak up on two occasions if they want the district court to rule in their favor on a legal challenge to the sufficiency of the evidence. First, a party must move for judgment as a matter of law before the claim goes to the jury. *See Dupree*, 598 U.S. at 731 (citing Fed. R. Civ. P. 50(a)). Then, "[a]fter the verdict, Rule 50(b) permits a disappointed party to file a renewed motion for judgment as a matter of law (which may also include a request for a new trial under Rule 59)." *Id.* at 732.

"To challenge the sufficiency of evidence on appeal, the challenging party must comply with the requirements of Fed. R. Civ. P. 50." *Morgan*, 947 F.3d at 1258. As detailed above, this means Mr. Nelson was obliged to (1) move for judgment as a matter of law at the close of evidence under Rule 50(a), and then (2) renew his sufficiency argument post-verdict under Rule 50(b). *See Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250 n.1 (10th Cir. 2013); *see also Mountain Dudes*, 946 F.3d at 1131 (explaining "the movant <u>must</u> raise the same argument in both a Rule 50(a) and a Rule 50(b) motion"). Mr. Nelson did neither.

Consequently, Mr. Nelson's challenge on appeal is "doubly doom[ed]." *Jackson v. Esser*, 105 F.4th 948, 965 (7th Cir. 2024). First, his failure to challenge the sufficiency of the evidence under Rule 50(a) precludes such a challenge on appeal. *See ClearOne Commc'ns, Inc.*, 653 F.3d at 1183; *see also Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1012 (10th Cir. 1993) ("[F]ailure to move

12

for a directed verdict precludes later appellate review of the sufficiency of the evidence.").  And second, under *Unitherm*, Mr. Nelson's "failure to comply with Rule 50(b) forecloses [his] challenge to the sufficiency of the evidence . . . ." *Unitherm*, 546 U.S. at 404; *see Kellogg*, 544 F.3d at 1128 (failing to raise an issue in a Rule 50(b) motion "precludes our review"); *see also Wiener v. AXA Equitable Life Ins. Co.*, 153 F.4th 413, 422 (4th Cir. 2025) ("[T]he losing party in a federal suit may only mount a sufficiency-of-the-evidence appeal to a jury verdict after first doing so in a Rule 50(b) motion before the district court.").

Because Mr. Nelson did not make any argument in the district court under Rule 50(a) or Rule 50(b), his appellate sufficiency-of-the-evidence challenge is not properly before us.  We are precluded from reviewing it.  *See Kelley*, 542 F.3d at 817; *Kellogg*, 544 F.3d at 1128.  As such, we have no occasion to entertain his sufficiency-of-the-evidence argument on appeal.

**b**

Mr. Nelson nevertheless argues that we may review his sufficiency-of-the-evidence challenge under the plain-error standard.  However, our precedent indicates that Rule 50—and, more specifically, *Unitherm*—precludes plain-error review.[4]  On this point, our cases reflect two congruent threads.

---

[4]    Notably, as the dissent recognized, the *Unitherm* majority effectively rejected reliance on plain-error review.  The *Unitherm* dissent took issue with the majority's holding as to the powerlessness of the federal appeals courts to review unpreserved sufficiency claims.  546 U.S. at 407–08 (Stevens, J., dissenting).  The dissent opined that the courts of appeals retain the "power to correct plain error." *Id.* at 407.  That view did not garner a majority, however.

13

First, we have always spoken of *Unitherm* as precluding appellate review—not simply precluding traditional de novo review of the district court's Rule 50(b) decision. Second, our cases speak in terms of waiver, rather than forfeiture, with respect to the consequences of a party's failure to file Rule 50 motions. In other words, rather than contemplating the possibility of plain-error review—which may be invoked in the event of forfeiture—our cases ordinarily specify that no review is possible at all, which is the consequence of waiver. *See, e.g.*, 9 MOORE'S FEDERAL PRACTICE § 50.91, Lexis (database updated 2026) ("[A] party's failure to properly assert pre-verdict *and* renewed motions for judgment on the basis of insufficient evidence ordinarily *waives* the right to challenge sufficiency of the evidence on appeal." (emphases added)); *cf. United States v. Egli*, 13 F.4th 1139, 1144 (10th Cir. 2021) ("Compared to forfeiture, which results in plain-error review, waiver is a harsher doctrine: a party that has waived an issue is precluded entirely from appellate relief.").

To illustrate these jurisprudential congruencies, we now discuss some of our most salient precedential opinions.[5]

---

[5]     The published cases cited in this subsection are not exhaustive: our caselaw abounds with additional examples of waiver under Rule 50. *See, e.g.*, *City of Fort Collins v. Open Int'l, LLC*, 146 F.4th 929, 948 (10th Cir. 2025) ("Because [appellant] failed to make this argument in its Rule 50(a) motion . . . the issue is waived and we will not consider it on appeal."); *Valdez v. Macdonald*, 66 F.4th 796, 822 n.27 (10th Cir. 2023) ("[Appellant] waived its right to raise this [sufficiency-of-the-evidence] challenge when it failed to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(b)."); *Osterhout v. Bd. of Cnty. Comm'rs of LeFlore Cnty., Okla.*, 10 F.4th 978, 1004 (10th Cir. 2021) ("[Appellant] failed not only to file a Rule 50(b) motion but also to move for a new trial, which waived

14

Our 2008 decision in *Kelley* appears to have marked the first time we discussed *Unitherm* in a precedential decision. 542 F.3d at 817. We first outlined how "a party's Rule 50(a) motion . . . cannot be appealed unless that motion is renewed pursuant to Rule 50(b)." *Id.* (quoting *Unitherm*, 546 U.S. at 404). We then explained that an appellant's "failure to file a Rule 50(b) motion forecloses [an] appellate challenge" to the sufficiency of the evidence. *Id.* Finally, we concluded that under *Unitherm*'s rationale, we "need not rule on the merits" whenever a Rule 50(b) motion is lacking. *Id.* at 817 n.15. We made no mention of allowing plain-error review of the sufficiency question.

A month later, we issued a decision in *Kellogg*. In that case, Defendant-Appellant, Oilind, "appeal[ed] the sufficiency of the evidence to support the jury's verdict." 544 F.3d at 1128. But, like Mr. Nelson, Oilind failed to file Rule 50(a) and 50(b) motions on the issue. *Id.* "This failure," we explained, "preclude[d] our review." *Id.*

In 2011, we explained that a party's voluntary withdrawal of a Rule 50(b) motion waives appellate review. *Copar Pumice Co., Inc. v. Morris*, 639 F.3d 1025, 1030 (10th Cir. 2011). In support, we cited to *Vanderwerf v. SmithKline Beecham Corp.*, 603 F.3d 842, 846 (10th Cir. 2010), for the proposition that a "withdrawn

---

appellate review of the verdict . . . ."); *Murphy-Sims v. Owners Ins. Co.*, 947 F.3d 628, 630 (10th Cir. 2020) ("[A]ll challenges [to sufficiency of the evidence] on appeal are waived unless a Rule 50(b) motion was [] filed."); *Burke v. Regalado*, 935 F.3d 960, 1002 (10th Cir. 2019) ("[F]ailing to raise the issue . . . in his Rule 50(a) or 50(b) motions . . . waived any argument . . . on appeal.").

15

motion [is] treated as though it was never made." *Copar*, 639 F.3d at 1030 (citing *Vanderwerf*, 603 F.3d at 846). And without a Rule 50(b) motion, we explained, there is nothing to appeal. *Id.*

Thereafter, we more frequently used the explicit language of waiver in describing the preclusive effect of failing to comply with Rule 50's requirements. *See Rural Water Dist. No. 4*, 659 F.3d at 975. In *Rural Water District*, appellant—the City of Eudora—challenged the sufficiency of the evidence. *Id.* But Eudora "failed to file a Rule 50(b) motion." *Id.* "[G]iven the absence of a 50(b) motion," we determined "Eudora [was] . . . unable to challenge the sufficiency of the evidence." *Id.* at 975 n.2. Specifically, we concluded that Eudora "waived any challenges on appeal to the sufficiency of the evidence." *Id.* at 975. And we repeated, thrice more, that Eudora "waived" its appellate arguments as to "the sufficiency of the evidence" by failing to file a Rule 50(b) motion. *Id.* at 982, 986, 987.

In 2014, we emphasized that "relief cannot be granted in an appeal on a ground not presented to the district court in a Rule 50(b) motion." *MMS Constr. & Paving*, 754 F.3d at 1201. In that case, appellant's "Rule 50(b) motion argued several grounds for relief." *Id.* But appellant did not argue before the district court in his Rule 50(b) motion the ground he sought to raise on appeal: that is, appellant "never argued that . . . the debt was immaterial." *Id.* Therefore, we reasoned that "[t]he issue is therefore not before us on appeal." *Id.* In effect, as to the ground appellant raised on appeal, no Rule 50(b) motion was filed.

16

Finally, preservation played an important role in *Home Loan Investment*. *See* 827 F.3d at 1265–69. We reiterated that, before we will "entertain a sufficiency-of-the-evidence challenge," an appellant "must have properly presented such a challenge to the district court first in a preverdict Rule 50(a) motion and then in a renewed Rule 50(b) motion following the verdict." *Id.* at 1266. There, the defendant-appellant St. Paul raised a sufficiency challenge in its Rule 50(a) motion but then "focused entirely on [a] new argument" in its Rule 50(b) motion. *Id.* at 1267. Based on this failure, we determined St. Paul "failed to adequately preserve [its] sufficiency-of-the-evidence challenge before the district court." *Id.* at 1269. Notably, we also disavowed the notion that we have discretion to overlook noncompliance with Rule 50. *Contrast id.* at 1265 n.6, *with id.* at 1273 n.1 (Bacharach, J., dissenting) (observing there are many mandatory requirements that can be forfeited). We observed that there are "no cases" wherein "we have entertained a sufficiency-of-the-evidence claim on appeal despite the party's failure to comply with Rule 50." *Id.* at 1265 n.6.

The foregoing cases illustrate the two congruent threads: *viz.*, cases that speak of *Unitherm* as barring any review of the merits of a sufficiency-of-the-evidence challenge where the requisite steps of Rule 50 have not been satisfied, and cases that expressly describe the consequence of a party's failure to file proper Rule 50 motions as waiver (that is, not as forfeiture). Taken together, these cases forcefully demonstrate that appellate review is unavailable for unpreserved sufficiency challenges post-*Unitherm*—full stop. An appellant's failure to file the

17

requisite Rule 50 motions in the district court fatally undercuts the appellant's

sufficiency-of-the-evidence challenge on appeal.  Stated otherwise, our precedent

treats sufficiency-of-the-evidence arguments not advanced before the district court

first in a Rule 50(a) motion and subsequently in a Rule 50(b) motion as waived—*viz.*,

they are *not* subject to plain error review or any review at all.[6]

---

[6]    To be sure, in one of our precedential decisions, after we applied the rubric of *Unitherm* to conclude that a sufficiency-of-the-evidence challenge was "foreclosed," we also noted that the challenge was waived because appellant did not invoke the plain-error doctrine.  *Brothers v. Johnson*, 105 F.4th 1279, 1283–84 (10th Cir. 2024).  Specifically, in *Brothers*, the plaintiff-appellant Equlla Brothers, the personal representative of the estate of Daryl Clinton, appealed from a verdict in favor of the defendant-appellee Tommie Johnson on her municipal liability claim. *Id.* at 1281.  In her complaint, Ms. Brothers alleged that Mr. Johnson, in his official capacity as Sheriff, was deliberately indifferent to Mr. Clinton's medical needs as a pretrial detainee.  *Id.* at 1282.  The case proceeded to trial.  *Id.*  At trial, Ms. Brothers did not "move for judgment as a matter of law before the verdict under Federal Rule of Civil Procedure 50(a) . . . ."  *Id.*  "[T]he jury returned a verdict for Mr. Johnson . . . ."  *Id.*  Afterwards, Ms. Brothers did not "make a renewed post-verdict motion for judgment as a matter of law under Rule 50(b)."  *Id.*

Despite these failures, which mirror Mr. Nelson's, Ms. Brothers challenged the sufficiency of the evidence on appeal.  *Id.*  Our discussion relied on *Unitherm* for the following proposition: "To preserve a challenge to the sufficiency of the evidence on appeal, a party must move for judgment as a matter of law at the close of evidence (pre-verdict) under Rule 50(a) and renew its motion post-verdict under Rule 50(b)." *Id.* at 1283.  We noted that "[t]he purpose of Rule 50 is to notify the district court and the opposing party of any deficiency in the case before it is submitted to a jury."  *Id.* And, "in keeping with this purpose, the post-verdict motion may only advance arguments made in the pre-verdict motion."  *Id.*  We noted that "the Supreme Court foreclosed the possibility of [Ms. Brothers's requested] relief" in *Unitherm*.  *Id.* at 1283–84.  At the end of our analysis, however, we also suggested that Ms. Brothers's "sufficiency of the evidence argument [was] waived," *id.* at 1284, because she "failed to . . . argue plain error in her opening brief."  *Id.* at 1283.

Yet even assuming *arguendo* that *Brothers* could be read as alluding to the notion that Ms. Brothers *could have* but failed to avail herself of plain-error review of her sufficiency-of-the-evidence challenge, *Brothers* does not give us pause in

18

Accordingly, Mr. Nelson's failure to file the requisite Rule 50 motions sounds the death knell for the one challenge that he has presented on appeal which is to the sufficiency of the evidence.

---

concluding that Rule 50 forecloses review of Mr. Nelson's sufficiency-of-the-evidence challenge and, more specifically, that the rule does not countenance plain-error review of unpreserved sufficiency challenges. Because the *Brothers* court already acknowledged that review of the sufficiency-of-the-evidence challenge was foreclosed under *Unitherm*—*viz.*, that review was barred and waived under *Unitherm*—the court's *additional* reference to any waiver stemming from a failure to invoke the plain-error doctrine properly should be viewed as dictum—and thus not binding on us. "[D]icta are statements and comments in an opinion concerning some rule of law or legal proposition *not necessarily involved nor essential* to determination of the case in hand." *United States v. Villarreal-Ortiz*, 553 F.3d 1326, 1328 n.3 (10th Cir. 2009) (per curiam) (emphasis added). "[A] panel of this court is bound by a *holding* of a prior panel of this court but is not bound by a prior panel's *dicta*." *Patrick G. ex rel. Stephanie G. v. Harrison Sch. Dist. No. 2*, 40 F.4th 1186, 1210 (10th Cir. 2022) (alteration in original) (quoting *Tokoph v. United States*, 774 F.3d 1300, 1303 (10th Cir. 2014)). Because any conclusion of waiver stemming from Ms. Brothers's failure to invoke plain-error review on appeal was not necessary to our affirmance of the district court's judgment—which we had already squarely predicated on *Unitherm* and Rule 50—*Brothers*'s reference to plain-error review is dictum. *See Bay v. Anadarko E&P Onshore LLC*, 73 F.4th 1207, 1216 (10th Cir. 2023). Moreover, even if that were not so (and we think it is), any tension between *Brothers*'s analysis and the holdings of our *prior* precedent unequivocally barring appellate review of sufficiency challenges where the requisite Rule 50 motions were not properly filed—and not suggesting at all the possibility of plain-error review— necessarily must be resolved in favor of the *prior* cases under our intra-circuit conflict rule. *See, e.g.*, *United States v. Rosales-Miranda*, 755 F.3d 1253, 1261 (10th Cir. 2014) ("It is axiomatic that 'when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom.'" (quoting *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996))); *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 843 F.3d 1225, 1235 (10th Cir. 2016) ("[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom." (quoting *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 n.1 (10th Cir. 1999))). Accordingly, the controlling message of our precedent (notwithstanding any contrary signals from *Brothers*) is that sufficiency-of-the-evidence arguments not advanced before the district court in proper Rule 50(b) motions are waived—*viz.*, not subject to review at all, even review for plain error.

## III

For the foregoing reasons, we **AFFIRM** the district court's judgment.

Entered for the Court

Jerome A. Holmes
Chief Judge